## NATURAL GAS UTILITIES CO. et al. v. ANDREWS et al.

No. 24202. Opinion Filed July 12, 1933.

Remington Rogers, for petitioners.

Barney Hamilton, J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

BUSBY, J. This is an original proceeding instituted in this court to review an award of the State Industrial Commission. The employer and insurance carrier are petitioners in this court, and will be referred to as such in this opinion.

On February 14, 1930, the claimant received an accidental injury arising out of and in the course of his employment. While he was working on a high pressure gas line, sand and dust were blown into his eyes by escaping gas.

On August 12, 1930, an agreement as to the nature and extent of the permanent partial disability was entered into between the claimant and the petitioners. This agreement was on a regular form of the Commission and described the disability of the claimant as 51% loss of vision of the right eye. This agreement was filed with the State Industrial Commission, and on August 20, 1930, an order was entered approving the same and compensation awarded accordingly.

On February 13, 1932, the claimant filed a motion to reopen the cause and award further compensation on the grounds that there had been a change in his condition due to the accidental injury. A hearing was granted upon this motion and the respective parties introduced their testimony. On September 30, 1932, the Commission entered its order finding as a matter of fact that the claimant had suffered a change of condition due to the accidental injury and he was then suffering from a permanent partial loss of vision in both of his eyes, it being specifically found that the loss of vision in the right eye was 16 per cent. and in the left eye 28 per cent., making the equivalent of 22 per cent. loss of vision in both eyes. In accordance with this finding, compensation was awarded for a period of 110 weeks at the rate of $12.31 per week, which would amount to a total sum of $1,354.10, less $629.04 previously paid.

The petitioners in presenting their case to this court urge three propositions, the first of which is:

"Where the record establishes a prior eye injury, no recovery can be allowed without proof of the condition of the eye at the time of the last injury."

In connection with this proposition, it appears that in July of 1929, about seven months previous to the injury complained of in this case, the claimant had suffered an injury by getting some sand and concrete in his eyes while working. A short time after receiving that injury he was examined by the same doctor who appeared as a witness in behalf of the petitioners in connection with the injury upon which the award in this case was based. This medical witness testified that the claimant was suffering from a partial loss of vision in August of 1929, when he examined him, and that he was also suffering from tracoma. The claimant testified that he had completely recovered from any ill effects of the previous injury to his eyes, and that at the time he received the injury upon which the award under consideration was based, his vision was normal in all respects. No objection was made to the competency of the claimant to testify to these matters. In connection with this testimony, the petitioners invoke the rule pronounced by this court in the case of Ellis & Lewis, Inc., v. Lane, 152 Okla. 273, 4 P. (2d) 104, appearing in the syllabus as follows:

"An injured workman may not recover for a permanent loss of vision in an eye where there has been a prior injury to the eye, without proving the percentage of the permanent loss of vision existing at the time of the injury complained of, or that there was no permanent loss of vision at the time."

The question then narrows itself to one of evidence. Was the testimony of the claimant sufficient to establish that he was not suffering from permanent partial loss of vision at the time of the injury complained of? In considering this question, we are aware of the well-recognized rule in this jurisdiction that where the injury complained of is of such a nature as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons. Oklahoma Hospital Co. v. Brown, 87 Okla. 46, 208 P. 785; St. Louis Mining & Smelting Co. v. State Ind. Com., 113 Okla. 179, 241 P. 170; Shepard v. Crumby, 146 Okla. 118, 293 P. 1049. It will be observed, however, that the testimony of the claimant above referred to concerns neither the cause nor the extent of the injury, but refers rather to its existence or nonexistence. Assuming, however, that the rule applies to the character of testimony given by the claimant in this case, and that a man is not competent to testify that his vision is normal, the rule referred to is subject to the well-recognized exception that if a witness is permitted to testify concerning the matters falling within the rule without objection being made to his competency, such testimony is competent for the consideration of the Industrial Commission in determining the facts in the case. Employers' Liability Assurance Corp. v. Grant, 147 Okla. 177, 296 P. 389; Atlantic Oil Producing Co. v. Houston, 148 Okla. 197, 298 P. 245.

The testimony of the claimant was therefore sufficient to support the finding of the Commission on a disputed question of fact, and supports the view that the claimant was not suffering from a loss of vision at the time of the injury which is the basis for the award in this case.

The second proposition urged in the brief of the petitioners is that "There is no evidence to support any award based on injury to both eyes, or including compensation for injury to the left eye on the ground of a change of condition." An examination of the record, in connection with this proposition, reveals that the claimant testified that

since the original award had been made in this case, his condition had grown steadily worse. This testimony was admitted without objection. In addition to the testimony of the claimant himself, one Dr. Hilly, who had examined the claimant on numerous occasions subsequent to the first award in the case, testified that the condition of the claimant had grown steadily worse, and that in his opinion the condition of both of the claimant's eyes was due to the injury complained of in this case. There is testimony in the record directly conflicting with the testimony just referred to. Again we have a disputed question of fact upon which the finding of the Commission is final.

The third proposition of the petitioners is that "the award is contrary to law." This is broad and sweeping in its scope, and includes almost every argument that could be directed at an order or award under consideration, since this court vacates only awards that are in some manner contrary to law. Under it the petitioners enter into a general discussion of this case. A part of the discussion refers back to the first proposition referred to in this opinion. No authorities are cited and no definite rules of law are invoked. We deem it unnecessary to reiterate or discuss the general observations made.

The award will be affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, OSBORN, and WELCH, JJ., concur. ANDREWS, McNEILL, and BAYLESS, JJ., absent.