STANDISH PIPE LINE CO. v. KIRKLAND et al.

No. 29565.    Oct. 29, 1940.

Rehearing Denied Dec. 10, 1940.

107 P. 2d 1024.

Don Emery, Rayburn L. Foster, George L. Sneed, R. G. McKinney, and E. L. Routh, all of Bartlesville, for petitioner.

J. L. Jackson, of Wewoka, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by the Standish Pipe Line Company, petitioner, to review an award made in favor of Homer Kirkland, respondent.

On August 27, 1934, respondent sustained an accidental injury to his foot. On January 18, 1938, an award was made for 10 per cent. disability to the foot. On May 22, 1939, the respondent filed an application for an additional award on a change of condition, and on October 13, 1939, the State Industrial Commission entered the present award for 50 per cent. disability.

Petitioner seeks to review said award and raises the sole issue that the same is not sustained by the evidence. This is presented in two propositions: First, it is urged that there is no competent evidence that the respondent has a 50 per cent. disability to the foot as a result of the original injury of August 27, 1934. This is a question of fact to be determined by the State Industrial Commission. Dr. Jenkins testified for the respondent. He stated that in his opinion the respondent has suffered a change in condition, and that such change was due to the accidental injury of August 27, 1934; that as a result of said change in condition respondent had a 75 per cent. disability to the foot. The extent of the disability is a question of fact to be determined by the State Industrial Commission, and if there is any competent evidence reasonably tending to sustain the finding, an award based thereon will not be disturbed on review. Magnolia Petroleum Co. v. Russell, 175 Okla. 343, 50 P. 2d 1102; Conlin Co. v. Guckian, 174 Okla. 463, 50 P. 2d 299; Hazel-Atlas Glass Co. v. Greenwood, 178 Okla. 69, 61 P. 2d 639. It is urged that the overwhelming weight of the testimony is against the finding that there was a change in condition due to the accidental injury. This court has many times held that it will not review conflicting evidence and determine the weight and value thereof, and, where an award of the commission is supported by competent evidence, the same will not be disturbed by this court on review. Magnolia Petroleum Company v. Watkins, 177 Okla. 30, 57 P. 2d

622; Travelers Ins. Co. v. Chandler, 165 Okla. 187, 25 P. 2d 694.

The State Industrial Commission is authorized to make an additional award on the ground of change in condition when the proof shows there has been a physical change for the worse in the condition of the employee due to the original injury, and that such change has occurred since the last prior order of the commission. Wilcox Oil & Gas Co. v. Satterfield, 178 Okla. 418, 63 P. 2d 696; Sturm Drilling Co. v. Story, 165 Okla. 34, 24 P. 2d 650; Travelers Ins. Co. v. Chandler, supra; Natural Gas Utilities Co. v. Andrews, 164 Okla. 267, 23 P. 2d 697; Chicago Bridge & Iron Works v. Lawson, 163 Okla. 224, 22 P. 2d 86; Loffland Bros. v. Velvin, 152 Okla. 83, 3 P. 2d 855.

Petitioner has cited authorities holding that there must be an actual and apparent change in the physical condition. See Barnsdall Oil Co. v. State Industrial Commission, 178 Okla. 289, 62 P. 2d 1031; Deep Rock Oil Co. v. Evans, 167 Okla. 66, 28 P. 2d 7. Those are cases in which there was no change in the physical condition, but where the physical condition remained the same and the change was only in the calculation of the expert witnesses in attempting to gauge the physical disability. Such is not the cause here. It is not necessary that physical disability manifest itself to the eye of the lay witness. It is sufficient if it manifests itself to the expert. Dr. Jenkins made his examination and after consultation with the respondent and the examination such as he thought sufficient gave as his opinion that there was a change in physical condition and that such change resulted from the original injury. This is competent evidence under all of the above authorities.

As a second proposition the petitioner argues that since there is no competent evidence to sustain the finding that the respondent has a 50 per cent. disability to his foot, therefore the disability being less than 50 per cent., the action is barred by the statute of limitations.

Session Laws 1933, chap. 29. The argument reduces itself, therefore, to the simple proposition: Is there any competent evidence to sustain the finding of the State Industrial Commission that the respondent has a 50 per cent. disability to his foot, which disability is a result of the accidental injury of August 27, 1934? We are of the opinion that what we have said in answer to proposition 1 is also conclusive of this argument.

The award is sustained.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN, DAVISON, and NEFF, JJ., concur.