## LUMBERMEN'S SUPPLY CO. et al. v. MACKEY et al.

No. 32086. April 26, 1949.

*205 P. 2d 870.*

T. D. Lyons and L. B. Moore, both of Oklahoma City, for petitioners.

M. O. Counts, of McAlester and Hartshorne, J. Cal Counts, of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

O'NEAL, J. This is an original proceeding brought in this court by petitioners, Lumbermen's Supply Company and State Insurance Fund, to review an award of the State Industrial Commission awarding compensation to respondent Dave H. Mackey.

The record shows that respondent, on November 27, 1942, while in the employ of Lumbermen's Supply Company, sustained an accidental personal injury to his left hand which resulted in a disability to the hand. The parties thereafter agreed between themselves that as a result of such injury respondent sustained a 35 per cent permanent partial disability to the hand. The agreement was approved by the Commission on February 11, 1943, and compensation was awarded respondent accordingly. The approval of the agreement was based on the written reports of two physicians who estimated respondent's disability as a result of the injury at 30 to 40 per cent permanent partial disability to the hand.

On September 7, 1943, respondent applied to the commission to reopen the case and to award him additional compensation on the ground of change of condition. Hearing was had on such application before the trial commissioner, who found, in substance, that on November 3, 1942, claimant herein, while in the employ of Lumbermen's Supply Company, sustained an accidental personal injury arising out of and in the course of his employment, consisting of an injury to his hand; that on February 11, 1943, an order was made approving a Form 14 award-

ing compensation for 70 weeks at $15 per week, or the sum of $1,050 for 35 per cent permanent partial disability to the left hand. The commissioner further found that from the testimony adduced at the present hearing there has been a change of claimant's condition for the worse since the award of February 11, 1943; that such condition and disability has grown progressively worse, and that claimant's disability to his hand is now 80 per cent permanent partial disability thereto for which he is entitled to an additional award in the sum of $1,350, and upon this finding an order awarding compensation was made accordingly. The award was affirmed on appeal to the commission en banc.

Petitioners contend that the evidence is insufficient to establish that respondent had a change in condition of his hand for the worse subsequent to the time of the first award and that the order of the commission allowing additional compensation is contrary to law.

Under 85 O.S. 1941 §28, the commission is authorized to reopen and review its prior award on the ground of change of condition and may make an award ending, diminishing or increasing the compensation previously awarded.

In order to obtain additional compensation under the above section on the ground of change of condition, the burden is on the claimant to show that subsequent to the time of the prior award there had been a change in his physical condition for the worse and that such change was due to the original injury. Standish Pipe Line Co. v. Kirkland, 188 Okla. 248, 107 P. 2d 1024.

There is no serious dispute between the parties as to the law of the case. Our task is to determine whether there is sufficient competent evidence to sustain the finding of the commission that there was a change of condition for the worse to respondent's hand subsequent to its prior award.

Respondent testified that on November 3, 1942, while in the employ of Lumbermen's Supply Company, he suffered an injury to his hand when the same was caught in a saw and his fingers and hand were bruised and mangled; that he was awarded compensation upon an agreed settlement for such injury; that since he received such award the condition of his hand has grown gradually worse; that his fingers became stiff and swollen; that the palm of his hand has become swollen and hardened; that he cannot close his hand; that he is in constant pain from the injury and that he has no longer any use of his hand; that this condition did not exist at the time he obtained his award.

The medical testimony is in conflict as to the question of change of condition. Two physicians, who examined respondent at the time the first award was made and have since examined him, stated that there has been no change in his condition since the prior award; that his disability is substantially the same as it was then, which they had estimated at 30 to 40 per cent permanent partial disability thereto.

Dr. Blackwood testified that he first saw and examined respondent on February 3, 1943 (which was about eight days prior to the time the first award was made); that he was informed of and was familiar with respondent's injury to his hand; that upon such examination he found that three fingers of his hand were badly mangled and that in his opinion respondent had at that time at least a 50 per cent permanent partial disability to the hand; that he again examined the hand on April 22, April 28, and October 4, 1943; that he discovered on such examination that there was a change of condition to respondent's hand for the worse; that he then had a disability to the hand of 90 to 100 per cent; that his later examination of the hand revealed a complete ankylosis which means union of the joints by growth and deposit of bone from one bone to the other; that he had a deformity of the distal phalanx of the thumb and the nail and also

found atrophy of the tissues of the hand and tenderness and soreness of the muscles which to some degree affected the entire arm; that this condition developed subsequent to the time he first examined the hand and also stated that the change of condition of respondent's hand for the worse was so pronounced that in his opinion the condition could have been seen and observed by an ordinary layman.

Dr. Harris testified that he did not see or examine respondent's hand prior to the time the first award was made, but that he did examine the hand on April 9, 1943 (which was approximately 60 days after the award) and found that he had as a result of his injury an 80 per cent permanent partial disability to the hand; that he again examined the hand shortly before the hearing in the instant case and he then found that respondent had a total loss of use of the hand; that the injury was progressive in nature; that it had already to some extent affected his arm and that the arm in his opinion would gradually become more and more affected, and that as a result of the injury to the hand he might eventually suffer the entire loss of use of the arm. In answer to a hypothetical question based on the evidence produced, the doctor stated that in his opinion the condition of respondent's hand was in a much better condition at the time the original award was made than it was when he first examined it. He further testified that a condition subsequently developed, which condition he described in detail, which in his opinion had not developed at the time the original award was made which caused a change in condition of his hand for the worse. Several other physicians who examined respondent subsequent to the time the original award was made corroborated Dr. Harris as to the progressive nature of the injury and as to the extent of the present existing disability.

The evidence of these witnesses was admitted over the objection of petitioners. The objection was based on the ground that the witnesses were not qualified and competent to testify as to change of condition. It is argued that since these witnesses had not examined respondent's hand prior to the time the original award was made and had no personal knowledge of the condition of the hand at that time, they were incompetent to testify as to change of condition and that the award should be vacated because of the admission of this evidence.

In support of this contention they rely on the case of Barnsdall Oil Co. v. State Industrial Commission, 178 Okla. 289, 62 P. 2d 1031. We do not regard this case as controlling under the facts of this case. The facts as to qualification, at least as to the qualification of Dr. Harris, are materially different in this case than the facts as disclosed in that opinion.

We are not prepared to say that under no circumstances may a medical expert who had not examined an injured employee prior to the time of the first award be qualified so as to become competent to testify as to change of condition; neither are we prepared to say that Dr. Harris was not so qualified in this case. It is not necessary to a decision in this case to definitely determine these questions. Assuming that neither of these witnesses was qualified and competent to testify as to change of condition, their evidence was admissible in corroboration of the evidence of Dr. Blackwood as to the progressive nature of the injury and as to the extent of the disability then existing. The award will not be vacated because of the admission of this evidence.

Should we, however, entirely disregard the evidence of these witnesses, there still would be sufficient competent evidence to sustain the award of the commission. It will therefore not be disturbed on appeal.

Award sustained.

DAVISON, C.J., ARNOLD, V.C.J., and LUTTRELL, HALLEY, and JOHNSON, JJ., concur.