PHILLIPS PETROLEUM CO. v. CLARK et al.

No. 34466.   Nov. 21 1950.

*224 P. 2d 597.*

Don Emery and Rayburn L. Foster, both of Bartlesville, and Harry D. Turner, Cecil C. Hamilton, and S. E. Floren, Jr., all of Oklahoma City, for petitioner.

Hugh M. Sandlin, of Holdenville, and Mac Q. Williamson, Atty. Gen., for respondents.

O'NEAL, J. This is a proceeding brought by Phillips Petroleum Company to review an order of the State Industrial Commission awarding respondent herein, E. B. Clark, additional compensation on the ground of a change in condition for the worse.

The record discloses that respondent, on the 24th day of September, 1945, filed his claim for compensation in which he stated that on the 29th day of June, 1945, and while in the employ of Phillips Petroleum Company, sustained an injury to his back when a truck backed into him and knocked him down resulting in some permanent disability to his person. After hearing, the trial commissioner awarded him compensation on the basis of 6 per cent permanent partial disability to his body as a whole. The award has not been appealed from and has since been fully paid and satisfied.

On the 16th day of September, 1946, respondent filed a motion for additional compensation on the ground of change in condition for the worse subsequent to the former award. The commission at a hearing held on November 22, 1946, awarded further compensation on the basis of 6 per cent additional permanent disability to the body as a whole in the sum of $630. This award has also been fully paid and satisfied.

Thereafter respondent filed a second motion to reopen and for additional compensation on the ground that since the order of November 22, 1946, he had undergone another physical change in condition for the worse and asked for additional compensation. The trial commissioner denied additional compensation.

Respondent appealed from this order to the commission sitting as a whole, and at that hearing the commission ordered that respondent be examined by Dr. Wilkins of Oklahoma City, and ordered the doctor to submit a report to it of his examination and findings. After receipt of this report, and upon objection of counsel for petitioner that the commission was without jurisdiction on appeal to consider the report, the commission vacated that order and also vacated the order of the trial commissioner and remanded the case to the trial commissioner for further hearing. In accordance with this order, on the 7th day of October, 1949, the trial commissioner heard further evidence consisting of the written report of Dr. Wilkins. This report was received and admitted in evidence over the objection of counsel for petitioner on the ground of incompetency of the evidence. Counsel, however, admitted that the doctor, if present, would testify as stated in his report. This report was the only additional evidence received by the trial commissioner after remand of the case to him. At the conclusion of that hearing the trial commissioner found that respondent, subsequent to the last prior order of the commission, had suffered a change in condition for the worse, and that such change of condition was due to the original injury received by him in 1945, and made an order allowing further compensation in the sum of $1,050 on the basis of an additional 10 per cent permanent partial disability to the body as a whole. This award was sustained on appeal to the commission en banc.

Petitioner appeals from this order and asserts there is no competent evidence reasonably tending to support the finding of the commission that respondent subsequent to the last prior award of the commission has under-

gone a change in condition resulting in a diminution in his ability to perform ordinary manual labor. We do not agree.

Respondent testified, in substance, that on the 29th day of June, 1945, while in the employ of petitioner, he sustained an injury to his back when a truck backed against him and knocked him down causing a severe injury to the back from which he was not yet fully recovered and is at this time, because of such injury, unable to do ordinary manual labor; that prior to the injury he was a healthy, able-bodied man and able to do hard manual labor; that he was awarded compensation for that injury; that he thereafter filed a motion for additional compensation because of change in condition and was awarded additional compensation for that injury; that both of the above awards have been fully paid and satisfied; that some time after the former award was made allowing him additional compensation he noticed a change in his condition for the worse and that ever since that time his condition has gradually grown worse; that prior to the time the award of November 22, 1946, was entered, he was able to do some work but since that time because of his injury he was physically unable to do any work; that when he tried to work and would stoop and lift objects, the pain would become so severe as to make it impossible for him to continue the work.

Dr. Welborn testified: He first saw respondent on September 3, 1946; he obtained from him a history of the case; gave him a thorough examination, including the taking of X-ray pictures, and after testifying in detail as to his findings and as to the then existing physical condition of respondent and the manner in which he was affected by the injury sustained on June 29, 1945, expressed the opinion that respondent at that time had 40 to 50 per cent permanent partial disability to his body as a whole. He again examined respondent on the 13th day of June, 1947, took additional X-ray pictures of his spine; that the examination then disclosed a definite change in his physical condition for the worse since his first examination made in September, 1946; that in such examination he found a condition had developed that did not exist on his prior examination in that he found the symptoms now appearing were more pronounced than they were; respondent was then getting atrophy in the muscles of his lower limbs and the X-ray showed that the fifth lumbar vertebra and the sacroiliac joint were closer together and there was a lot of calcium deposit, exostosis; that such change in condition was due to the injury sustained by respondent when he was hit by a truck, and that in his opinion respondent now has 75% permanent partial disability to his body as a whole and that in his opinion his condition will gradually grow worse.

In this respect the doctor is supported by the written report of Dr. Gill admitted in evidence by agreement except that the doctor expressed no opinion as to the cause of disability.

There is medical evidence to the contrary but the evidence above is sufficient to sustain the award of the commission.

It is the further contention of petitioner that the commission erred in receiving in evidence the report of Dr. Wilkins. It is argued that the report shows on its face that Dr. Wilkins did not see or examine respondent until some time after the last prior award was made and that he was therefore incompetent to testify as to change in condition under the holding of this court in the case of Barnsdall Oil Co. v. State Industrial Commission, 178 Okla. 289, 62 P. 2d 1031.

The report of Dr. Wilkins does not refer in any manner to a change in condition. The report simply contains a detailed statement of the then existing physical condition of respondent and concludes with the statement that it was impossible to make a positive diagnosis of the case although the history given is definitely suggestive of a

ruptured intervertebral disc, but that he was unable at the present time to make an estimate as to his disability. This report is of little probative value. We fail to see how petitioner in any manner could have been prejudiced by its reception in evidence. The error, if any, in its admission is therefore harmless.

It is, however, asserted by petitioner that the commission based its finding as to change in condition entirely upon this report and that it erred in so doing. The record does not sustain such contention, but on its face it affirmatively shows the contrary. The trial commissioner, immediately preceding the making of his findings, states:

". . . and the Commissioner having examined the files, records, and evidence in the cause, including the deposition of Dr. Welborn, which was admitted in evidence over the objection of the respondent, and exception allowed, and having examined also the written report of Drs. Wilkins and Herrmann, which was admitted in evidence over the objection of the respondent and exception allowed, finds: . . ."

The trial commissioner then made his findings and award as heretofore stated in this opinion. The record thus conclusively shows that the trial commissioner in making his finding took into consideration the evidence of Dr. Wilkins in connection with the other evidence in the case and did not base his finding on the report of Dr. Wilkins alone.

The commission sitting as a whole, on appeal affirmed the award and adopted the same as its judgment on appeal.

The evidence is sufficient to sustain the finding of the commission that subsequent to the last prior order of the commission, respondent had suffered a physical change in condition for the worse and that such change in condition was due to the original injury sustained on June 29, 1945, and is therefore sufficient to support the award. Lumbermen's Supply Co. v. Mackey, 201 Okla. 296, 205 P. 2d 870.

Award sustained.