SUTTON & SUTTON et al. v. COURTNEY et al.

No. 34524. Nov. 28, 1950.

*224 P. 2d 605.*

Savage, Gibson, Benefield & Hart, of Oklahoma City, for petitioners.

Erman S. Price, Mont R. Powell, and Anthony R. Kane, all of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

GIBSON, J. This is an original proceeding by Sutton & Sutton, hereinafter referred to as petitioners, and Midwestern Insurance Company, hereinafter referred to as Midwestern, to review an award of the State Industrial Commission awarding compensation for temporary total disability in favor of respondent, Herman E. Courtney.

The record discloses that petitioners were engaged in the general construction business in Oklahoma City. They operated under two plans: first, by contracting directly; second, by having the work done through subcontractors. Covering their direct operation they had as their insurance carrier the Midwestern; covering their indirect operation through subcontractors they had as their insurance carrier the State Insurance Fund.

Respondent worked interchangeably on projects under both plans. On July 15, 1949, respondent was working for petitioners on the construction of an apartment house at Twelfth and Blackwelder in Oklahoma City. About 4:30 p.m. he had finished his work on this job and started to leave and while going down the stairway he slipped and fell, causing some injury and pain to his right hip. The pain continued until late in the evening at which time it subsided. It is agreed that the Midwestern policy covered this incident.

On the following morning, July 16th, respondent went to work for petitioners on a job in Nichols Hills. While working on that job and while engaged in lifting rafters, he felt a pain in his back and legs but continued at his work and kept working until some time in the day of the following Thursday and when he stooped down for the purpose of picking up some object, he did not remember what object, he felt a severe pain in his back. He was not then lifting or attempting to lift any rafters

or other objects. The pain, however, was so severe that he could not continue working. It is agreed that the Insurance Fund policy covered this job.

Immediately following this second incident respondent was taken to a hospital in Oklahoma City, was there treated for several days and thereafter operated upon for an injury to his back in the nature of a ruptured intervertebral disc. It is undisputed that as the result of the injury or injuries respondent is now temporarily totally disabled.

The controversy in this case arises between Midwestern and the State Insurance Fund as to which insurance carrier is liable for respondent's injury and resulting disability.

It is agreed that if the incident of July 15th was the cause of respondent's injury and disability the Midwestern is liable; but if such injury and resulting disability was caused by the incident of July 16th the State Insurance Fund is liable; and if the disability was caused by both injuries the Midwestern and the State Insurance Fund are liable proportionately.

Upon this issue the case was submitted to the trial commissioner who found that respondent was then temporarily totally disabled and that such disability was caused by the incident occurring on July 15, 1949, and not by the incident occurring July 16th, and awarded compensation accordingly against petitioners and their insurance carrier Midwestern and entered an order discharging the State Insurance Fund. This order and award was sustained on appeal to the commission en banc.

Petitioners by this proceeding seek to vacate this order and award, and assert that such order and award is contrary to all of the evidence in the case. We do not agree.

The evidence is in conflict as to whether the incident occurring July 15, 1949, or that of July 16th caused the injury and resulting disability.

The only evidence offered in this case consists of evidence of respondent, who testified substantially as above stated, and two physicians. Both physicians agree that as a result of respondent's injury or injuries he sustained a ruptured intervertebral disc but disagreed as to the time the injury occurred.

The physician who performed the operation testified that from the history of the case given to him by respondent and upon the information obtained by his personal examination and operation, it was his opinion that the injury to respondent's disc occurred on July 16, 1949, while engaged in stooping to pick up and lift rafters and that even if the incident of July 15th had not occurred the incident of July 16th would have caused the disc to rupture.

The other physician reached a contrary conclusion. He testified that he examined respondent shortly after the injury occurred, obtained a history of the case from him, and that in his opinion it was the fall he received on July 15th which caused the injury to the disc; that the incident occurring on July 16th was but the manifestation of that injury, and in answer to questions asked by the trial commissioner he further testified:

"Q. In your opinion he had a herniated disk on the 15th, that is the disk was impaired? A. That is right, he had an injury to the disk. . . . Q. The rupture was there, the herniation was there and impairment of the disk was there? A. Yes. Q. Well, we are getting down now to where the main conflict of the medical is that the opinion of another doctor is that the bending over on the second day in a strained position was more apt to produce the herniated disk than this misstep on the day before? A. Yes that is the position that you can get in to aggravate it but I think it was an aggravation of that first injury. In other words, if he didn't have any kind of an injury on July 15th if he hadn't have any injury at all and he had been starting if the first job was the Nichols Hills job and all he did was bend over with a normal back with nothing

else—Q. Even in a strained position and bending as far as he could? A. It would be very unlikely he would have ruptured a disk, they just don't rupture that way."

The general rule is that where an employee has sustained two successive accidents the question of whether the disability sustained by him should be attributed to the first accident or to the second accident depends on whether or not the disability sustained was caused by a recurrence of the original injury or by an independent intervening cause. If the second injury consisted merely of a recurrence of the first injury the disability resulting will be attributed to the first accident but if caused by an independent or intervening cause it will be attributed to the second accident. Tippett & Bond et al. v. Moore et al., 167 Okla. 636, 31 P. 2d 583; Deep Rock Oil Corp. v. Betchan, 169 Okla. 42, 35 P. 2d 905; New York Indemnity Co. v. Miller, 163 Okla. 283, 22 P. 2d 107.

The commission found that respondent's injury and resulting disability occurred on July 15, 1949, rather than on July 16th. There is competent evidence reasonably tending to support this finding. It will not, therefore, be disturbed by this court on petition for review. Tippett & Bond v. Moore, supra.

Award sustained.

DAVISON, C.J., ARNOLD, V.C.J., and LUTTRELL, HALLEY, JOHNSON, and O'NEAL, JJ., concur.