H & H SUPPLY CO. et al. v. BRYANT et al.

No. 34552. April 10, 1951.
Rehearing Denied May 22, 1951.

*231 P. 2d 685.*

Pierce, Rucker, Mock, Tabor & Duncan, Oklahoma City, for petitioners.

Schwoerke & Schwoerke, Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, J. This is a proceeding by H & H Supply Company and its

insurance carrier, Traders & General Insurance Company, hereinafter referred to as petitioners, to review an award of the State Industrial Commission awarding additional compensation to Hugh C. Bryant, respondent, because of change in condition for the worse.

The record discloses that on April 28, 1947, while in the employ of petitioner Supply Company and while engaged in loading upon a truck four inch oil well pipe, respondent sustained a severe injury to his back causing some disability to his person.

The trial commissioner to whom the case was assigned for hearing found that as a result of such injury he had sustained a temporary total disability for a period of 31 weeks and four days and in addition thereto had sustained a 10 per cent permanent partial disability to his body as a whole, and compensation was awarded accordingly. The order covering the above finding was made on December 30, 1947.

This award has been fully paid and satisfied.

On July 20, 1949, respondent filed an application and motion to reopen and for additional compensation on the ground that since the prior award he had suffered a change in condition for the worse.

The trial commissioner, to whom the case was assigned for hearing, after finding that since the prior award respondent had sustained a change in condition for the worse, entered an order awarding him additional compensation on the basis of an additional 5 per cent permanent partial disability to the body as a whole.

The award was sustained on appeal to the commission en banc.

Petitioners contend that the finding and award of the commission in this respect is wholly unsupported by any competent evidence.

Under 85 O.S. 1941 §28, the commission is authorized to reopen and review its prior award on the ground of change of condition and may make an award diminishing or increasing the compensation previously awarded.

Under the above section, the burden is on the claimant to show that subsequent to the time of the prior award there had been a change in his physical condition for the worse, and that such change was due to the original injury, before he can be awarded additional compensation. Standish Pipe Line Co. v. Kirkland, 188 Okla. 248, 107 P. 2d 1024.

There being no serious dispute between the parties as to the law in the case, the question which we must determine is whether there is sufficient competent evidence to sustain the finding of the commission that there was a change in respondent's physical condition for the worse subsequent to its prior award.

Respondent at the first hearing, in substance, testified: On April 28, 1947, while in the employ of petitioner Supply Company, he sustained an injury to his back resulting in some disability to his person; that after having sustained his injury he did no further work. Several days thereafter he called upon a physician in Oklahoma City who treated him for about a month. He, however, received no benefit from the treatment. At the request of his employer he called upon Dr. Rountree who examined him but gave him no report as to the result of such examination. Several days thereafter he received a notice from the insurance company, one of the petitioners herein, to go to a hospital for further treatment; that he did so. Dr. Rountree kept treating him. He placed traction upon both his legs which remained there for about twelve days when it was removed. Dr. Rountree then measured and massaged his back. Several days thereafter he placed his back in a cast from his arms to his knees; that he remained in the cast for about 14 days when it was removed and he was dismissed

and sent home. He further testified that he received no benefit from any of these treatments and that as a result of his injury he was then totally disabled from performing ordinary manual labor.

Dr. Moore, testifying on behalf of respondent, stated that he first saw and examined respondent on December 16, 1947; that he obtained a history of the case from respondent and made an examination; that he found respondent was at that time suffering from a rupture of the intervertebral disc between the fifth lumbar and the sacrum as a result of the accidental injury sustained by him on April 28, 1947; that he was then totally disabled and recommended that an operation be performed.

Dr. Maril, who was requested to examine respondent by the trial commissioner, after doing so, stated that as a result of respondent's injury he had sustained a severe strain to his back but that he was completely recovered therefrom. He found no evidence of an injured disc and stated that in his opinion respondent sustained no permanent disability. In this respect the doctor was corroborated by three other physicians, including Dr. Rountree who treated him while in the hospital.

At the present hearing on change in condition, respondent testified, in substance, that his headaches were more frequent and worse than they were; that he could hardly bend his back and that it was harder to bend his back than at the time the previous order was made; that he had spells where he couldn't walk for four or five days at a time and that these spells were more frequent than they were when the previous order was made; that since the December, 1947, order was made he tried to do various kinds of work such as driving a truck and working in a shoeshop, but that after several months on each job he was forced to give up such work because of his physical condition; that his back was worse the last few months than it had been and that his back pained him considerably more than at the time of the making of the previous order.

The evidence of the respondent is supported by Dr. C. D. Moore, who testified on behalf of respondent at the hearing upon which the 1947 award was made. Dr. Moore testified in December, 1947, that respondent had a ruptured disc and was totally disabled for the performance of ordinary manual labor as a result thereof. At the present hearing this doctor testified that he still had a ruptured disc, but that this ruptured disc had caused increased loss of motion in respondent's back and that his back was considerably worse and more tender than in December, 1947.

Dr. D. H. O'Donoghue, who had not examined respondent prior to the first award, was a competent witness to testify for respondent. Lumberman's Supply Co. v. Mackey, 201 Okla. 296, 205 P. 2d 870. He testified he had examined respondent shortly before the hearing in question and estimated his disability to be 40 to 50 per cent, and that according to the history of the disability given him by respondent, the respondent's condition was worse than it was at the time of the first hearing. This witness further testified as follows in answering the following questions:

"Q. Doctor, do these recurrent seizures from time to time cause the condition to grow worse as these recurrent seizures recur? A. Yes, sir; the ordinary history is these attacks become more severe and more frequent and finally they become constant rather than intermittent.

"Q. What is your opinion as to whether or not they will occur more if the man is not surgically repaired? A. It will be my opinion he will gradually get worse over a period of time."

The physicians who testified at the former hearing on behalf of petitioner again testified at the present hearing. They all testified that they found no

change in condition in respondent subsequent to their prior testimony and prior award; that they are still of the opinion that as a result of his accident respondent sustained no injury to his disc, and that he has sustained no permanent disability; that the injury sustained by him was merely temporary and that he has fully recovered therefrom.

We are of the opinion that there was sufficient competent evidence to support the finding of the commission that respondent, subsequent to the prior award, has suffered a change in condition for the worse.

Award sustained.

ARNOLD, C.J., and WELCH, CORN, and JOHNSON, JJ., concur. GIBSON, HALLEY, and O'NEAL, JJ., dissent.