SAPPINGTON–HICKMAN, Inc. et al. v.
STATE INDUSTRIAL COMMIS-
SION et al.

No. 35860.

Supreme Court of Oklahoma.

Oct. 27, 1953.

Monnet, Hayes & Bullis, Oklahoma City, for petitioners.

Williams & Hansen, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WILLIAMS, Justice.

This is a proceeding by Sappington-Hickman, Inc., to review an award of the State Industrial Commission awarding respondent L. E. Muse additional compensation because of change of condition for the worse.

The record discloses that on the 8th day of Oct., 1951, respondent while in the employ of petitioner Sappington-Hickman, Inc., sustained an accidental injury consisting of an injury to his ribs and back. The injury was caused by respondent falling through a ceiling while engaged in stacking merchandise.

At the original hearing the trial commissioner found the facts as above stated and further found that as a result of his injury respondent was temporarily totally disabled from the date of his injury less the five day waiting period until February 22, 1952 and in addition thereto he sustained a five per cent permanent partial disability to his body as a whole for which he is entitled to compensation for 25 weeks at $25 per week or a total sum of $625, and upon such findings awarded respondent compensation accordingly. This award has been fully paid and satisfied.

On October 4, 1952 respondent filed a motion to reopen the case and for further compensation because of change of condition for the worse. The matter was heard before a trial commissioner who at the conclusion of the evidence found:

"Since the date of issuance of the last Order herein and award of June 14, 1952, claimant has sustained a change of condition for the worse by reason of his injury of October 8, 1951; that claimant now stands in need of

further medical attention and an operation. That claimant should submit to an operation at the hands of Doctor Howard B. Shorbe, to be furnished by respondent and/or insurance carrier; and respondent and/or insurance carrier should pay to claimant compensation at $25.00 per week from the date of his admission to the hospital for the operation until his period of temporary total disability is ended, for a period of not to exceed 300 weeks; and the respondent and/or insurance carrier should furnish to claimant any such other medical treatment and care that he may need during said period of time, by reason of said injury."

And upon such finding made the following order:

"It Is Therefore Ordered, That respondent and/or insurance carrier furnish to claimant within twenty days from the filing of this Order an operation at the hands of Dr. Howard B. Shorbe and any other medical care he may need by reason of his injury; and begin payments of $25.00 per week to claimant immediately upon his admission to the hospital, and continue said payments until claimant's period of temporary total disability has ended, for a period of not to exceed 300 weeks.

"It Is Further Ordered, That within twenty days from the filing of this Order, respondent and/or insurance carrier file herein proper receipts evidencing compliance with the terms of this Order."

Petitioners seek to vacate the award on the ground that there is a total lack of evidence to sustain the finding of the Commission that respondent subsequent to the prior award had suffered a change of condition for the worse.

Respondent at the former hearing in substance testified: On October 8, 1951, while in the employ of petitioner Sappington-Hickman, Inc., he sustained an accidental injury consisting of an injury to his ribs and back. He was working as a warehouseman when he sustained his injury. The injury occurred while he was engaged in stacking light fixtures on a false ceiling. The fixtures were handed to him by Mr. Hickman and he in turn passed them on to petitioner's manager and as he was turning to hand the last fixture his foot slipped and his right leg went through the ceiling and struck a rafter; that his other leg also went through the ceiling and he was pinned between two rafters.

His employer sent him to a hospital in Oklahoma City where he was examined and treated by Dr. F, who taped him and sent him home. The next night he suffered severe pain in his back and limbs and was taken back to the hospital. Dr. F again examined him, placed him in bed but administered no treatment. He remained at the hospital about three days when his employer had him transferred to a bone and joint clinic where he was examined and treated by Dr. S. He was given some medicine and heat treatment. He then left the hospital but thereafter returned and Dr. S continued the heat treatment and gave him shots every day for about two weeks. He was then placed in traction. The belt was placed around the lower part of his abdomen. He remained in traction for about six weeks. His condition improved slightly under the treatment and he was able to and did some light work though he still suffered considerable pain in the lower part of his back. Dr. S then advised him to discontinue work and since said time he has performed no work. He was thereafter examined by Dr. M who examined him on three different occasions but administered no treatment. The first examination took place on December 12, 1951, the second on January 23, 1952, and the third on March 21, 1952. After each examination the doctor filed a written report as to his findings and conclusions which reports were admitted in evidence by agreement.

In his first report the doctor stated that from the history of the case furnished him by respondent and his own examination he found respondent had sustained a sprained back involving the lower dorsal and lumbar region of the back and had sustained a fracture of the 8th, 9th and 10th ribs; that such injury was caused by the accident

sustained October 8, 1951, and he was then temporarily totally disabled from performing ordinary manual labor and recommended that he be given further treatment. He, however, found no evidence of a ruptured disc.

In his second report the doctor stated that on his prior examination he did not believe that respondent was suffering from a ruptured disc but since that time there has been a change in his condition and he is now of the opinion that respondent as the result of his injury is suffering from the effects of a ruptured disc and should submit to an operation. That he is still temporarily totally disabled.

In his third report the doctor stated that respondent has made no appreciable improvement since his last examination; that the symptoms and physical findings indicate a ruptured disc though not as pronounced as in many cases he has examined; that in his opinion respondent is now 40 per cent permanently partially disabled and that such disability was caused by the accident sustained on the 8th day of October, 1951.

Dr. S at the hearing testified that he had also examined respondent on numerous occasions; that he found respondent had sustained an injury to his ribs and back and that there were symptoms that as a result thereof he has suffered an injured disc and that he should be given further medical treatment. In his last report (made since the original award) after describing the treatment given Dr. S stated that respondent had shown some improvement subsequent to the time he made his other reports but that he still was in need of further treatment and probably an operation; that he showed symptoms of having a ruptured disc.

Dr. F at the original hearing testified that respondent was temporarily totally disabled for about four weeks; that he has completely recovered from his injury and is able to and should return to work and that he has sustained no permanent 'disability as a result of his injury. He likewise so testified at the hearing for additional compensation because of change of condition.

At the latter hearing Dr. S testified that he again examined respondent after the original award was made. He found no change in his condition for the worse; that his condition is the same now as it was then. He was of the opinion at that time that respondent was suffering from a ruptured disc and was in need of further medical treatment and an operation and that he is still of that opinion.

Respondent agreed to submit to an operation. The record however fails to show that he had at any time been tendered an operation by petitioners. At the present hearing respondent testified that subsequent to the prior award his condition has gradually grown worse. He suffered more severe pain in his back and limbs than before and it became more difficult for him to walk about.

Dr. M subsequent to the entry of the original award also again examined respondent. He made an examination on the 30th day of August, 1952, and again on October 20, 1952, and filed his report of his findings and conclusions upon such examinations. In his last report filed October 20, 1952, after stating in detail respondent's then physical condition the doctor concluded:

"It is my opinion after re-examination of this individual today that he is having moderately more pain in his lumbar region of the back and in the right buttock, also the right lower extremity, than he had at the time of the last examination on August 30, 1952. The findings today are more indicative of a ruptured intervertebral disc in the lower lumbar region, I believe, than they were at that time. It is my opinion that this is, in all probability the cause of his complaints and that it developed as result of the accident of October 8, 1951. * * *

"It is my opinion that this individual is at this time temporarily totally disabled so far as the performance of ordinary manual and mechanical labor is concerned and this is the result of the injury sustained on October 8, 1951."

It is the contention of petitioners that if the award for additional compensation is to be sustained it must be predicated on the testimony of Dr. M; that the doctor nowhere in his testimony states that respondent has suffered any change of condition for the worse subsequent to the entry of the original award. It will be observed that the doctor stated that he was suffering greater pain in the lower lumbar region of his back and the right buttock than he had suffered prior to that time and further states that the symptoms are more indicative of a ruptured intervertebral disc in the lower lumbar region than they were at the time of his prior examination; also that in his opinion, at the time of the latter hearing, respondent was temporarily totally disabled. We think the above statement made by the doctor is equivalent to a statement that respondent has sustained a change of condition for the worse since the entry of the prior award and that such condition was due to the injury sustained on October 8, 1951, and is sufficient when considered in connection with the evidence of respondent to sustain the finding of the Commission as to change of condition. See, in this connection, H & H Supply Co. v. Bryant, 204 Okl. 515, 231 P.2d 685.

It is further contended by petitioners that the Commission upon finding that respondent was in need of further medical treatment and an operation erred in directing that he submit to an operation at the hands of Dr. S. It is contended that the employer or insurance carrier had the right under the law to select the surgeon, to perform the operation. We think this contention as a general rule is correct. 85 O.S. 1951 § 14; Scruggs Bros. & Bill Garage v. State Industrial Commission, 94 Okl. 187, 221 P. 470; Aetna Life Ins. Co. v. Watts, 148 Okl. 28, 296 P. 977.

The award is therefore modified by inserting immediately after the words Dr. S appearing in the third line of the award the following: "or any other competent physician or surgeon to be selected by his employer or insurance carrier" and that the Commission's finding No. 1 be likewise so modified and as so modified the award is sustained.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, O'NEAL and BLACKBIRD, JJ., concur.