Edward SIGLER, Petitioner,

v.

TILLERY and JONES, Tri-State Insurance Company and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 36850.

Supreme Court of Oklahoma.

Nov. 15, 1955.

As Corrected Jan. 23, 1956.

Rehearing Denied Jan. 24, 1956.

See also 265 P.2d 484.

Paul Pugh, Oklahoma City, for petitioner.

Looney, Watts, Ross, Looney & Nichols, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

## PER CURIAM.

In this case it appears that Edward Sigler, petitioner herein, has been awarded compensation for permanent partial disability by the State Industrial Commission against his employer, Tillery and Jones and their insurance carrier, for an injury sustained to his back on April 23, 1953. Compensation has been awarded him for a previous injury. This award had been fully paid and satisfied.

On September 30, 1954, petitioner filed a motion to reopen and for additional compensation on the ground of change of condition for the worse since the prior award was made.

The commission en banc held that petitioner had sustained a new accident on September 18, 1954, and his additional disability was caused by such new accident and was not caused as a result of change of condition due to the April 1953 injury.

Petitioner brings the case here to review this order and asserts there is no evidence to support it.

Petitioner in substance testified: He sustained an accidental injury to his back on the date first above mentioned. He was operated for that injury and his condition after the operation improved to some extent but he has not completely recovered. He was awarded compensation for that injury under a prior award. Some time after the operation he was released by the doctor and advised to go to work. He thereafter obtained work as an oil pumper in an oil field which was lighter work than he had been doing prior to the time he sustained his injury. He continued at work for fifteen days but was unable to do the work because of severe pain in his back.

He then went to work for Montgomery Ward at Duncan, Oklahoma. He worked in a warehouse. His work consisted of lift-

ing and stacking truck tires. They were large tires, 1000/20. On September 18, 1954, while engaged in lifting and stacking the tires he hurt his back. It felt like something popped in his back. He reported the injury to Montgomery Ward who sent him to Dr. L. for treatment. The doctor after giving him temporary treatment referred him to Dr. O. the doctor who had performed the above operation, for further treatment.

Dr. O. testified he first saw and examined petitioner in October 1953 and several times thereafter. He found he was suffering from a back injury. On December 24, 1953, he operated for the back injury and did a spinal fusion. He again saw him in September 1954 and treated him for the injury sustained while working for Montgomery Ward. Petitioner was referred to him by Dr. L. Petitioner gave him a history of having been hurt on the 18th day of September, 1954, while stacking truck tires. It felt like an electric wire struck him. He saw and examined petitioner several times thereafter. After these examinations petitioner was placed in a hospital for treatment under his observation. X-rays were taken and showed motion in the fusion that was performed in 1953. The motion in and of itself would not necessarily require a further operation unless something happened which might require it. It is difficult to determine whether the motion and pain in the back was caused by the 1953 or 1954 accident. The precipitating or immediate cause of petitioner's additional disability was lifting and stacking the tires on the date he sustained his injury while working for Montgomery Ward. The doctor further testified:

"Q. Then, Doctor, do you attribute it to the injury sustained April 23, 1953, of which he gave you a history? A. Yes, insofar as the qualifications I put on it previously. This is rather a long case and a lot of it has been settled, but when I reported on it before I related that he had a weak back and had a prior injury, then had a long period of work and then had the April injury, and the decision I made then was that the April 1953 injury

was the cause of the trouble for which I treated him; and I think this goes back to that same condition.

"Q. To the original injury? A. Yes."

The witness further testified that after the December 1953 operation petitioner was getting along very well. He had a little motion in his back when he returned to work and in the course of his work he did the lifting which resulted in his present condition. He had no accident at the time he sustained his last injury in the sense that there was a misstep or fall. It is however doubtful whether the tire lifting he did on that day would have brought the injury if petitioner's back had been sound. The doctor further testified: basically I think the trouble is from the accident in April 1953. The failure of fusion is the thing that causes his additional disability; that since his last injury petitioner is not able to work and is temporarily totally disabled; that after his first examination of petitioner for his 1954 injury he made a written report of his findings and conclusions and forwarded that report to the claim department of Montgomery Ward.

Another doctor who had previously examined petitioner again examined him November 4, 1954, and, after stating in detail the symptoms found to exist, reached the following conclusion:

"It was my original feeling that this patient should never have been operated. He had no evidence of any partial permanent disability on his previous examination. The patient now has approximately 15% partial permanent disability to the back. I do not feel that further surgery will help this patient but will further aggravate his complaints. There is no increased disability since surgery was performed."

■ This in substance constitutes the evidence in the case. We think it sufficient to support the finding and order of the State Industrial Commission.

■ We have heretofore held that under 85 O.S.1951 § 28, the burden is on the claimant in a compensation case to show that

subsequent to the time of the prior award there had been a change in his physical condition for the worse and that such change was due to the original injury before he may recover additional compensation on the ground of change of condition. Standish Pipe Line Co. v. Kirkland, 188 Okl. 248, 107 P.2d 1024; H & H Supply Co. v. Bryant, 204 Okl. 515, 231 P.2d 685.

 We have also held that where a claimant is asserted to have suffered two different accidental personal injuries while working for different employers, the question of whether either one or both of such injuries is responsible for the resulting disability is one of fact to be determined by the State Industrial Commission. The finding of that body on such a question will not be disturbed in this court if supported by any competent evidence. Tippett & Bond v. Moore, 167 Okl. 636, 31 P.2d 583; Sutton & Sutton v. Courtney, 203 Okl. 590, 224 P.2d 605.

We think the evidence of petitioner to the effect that after he sustained his April 23, 1953 injury he passed a pre-employment examination and went to work for Halliburton Cement Co. and later got a job with Montgomery Ward and while working for that company and engaged in lifting and stacking tires he hurt his back; that it felt like something popped in his back, constitutes evidence that the additional disability he now has is due to that injury rather than to the April 1953 injury.

Petitioner relies on the evidence of Dr. O. to sustain his position. The doctor's evidence is somewhat indefinite. Certain portions of his testimony would indicate that petitioner's additional disability is due to change of condition due to the original injury sustained in April 1953 and other portions of his testimony would indicate that it was due to the injury sustained by petitioner while engaged in lifting the heavy tires while working for Montgomery Ward. Considering this evidence in connection with Dr. F's we think it sufficient to sustain the finding of the Commission and the order based thereon denying compensation.

Order sustained.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY and HUNT, JJ., concur.

BLACKBIRD, J., dissent.

BLACKBIRD, Justice (dissenting).

I dissent. In my opinion the order in this case was not "reasonably supported by competent evidence" under the rule announced in the case of Sutton & Sutton v. Courtney cited in the majority.