Buddy **TINSLEY**, Petitioner,

v.

**GOLDENSTERN AND STOLPHER**, Central Surety and Insurance Corporation, and the State Industrial Court, Respondents.

No. 38894.

Supreme Court of Oklahoma.

June 7, 1960.

Walter Jones, Bristow, James Duley, Ponca City, for petitioner.

Robert E. Shelton and C. Wayne Litchfield, of Savage, Gibson, Benefield & Shelton, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, Justice.

The parties will be given their designation below.

On July 21, 1958, claimant obtained an award for permanent partial disability of 30 per centum to the body as a whole resulting from an accidental personal injury to the back sustained by him on November 4, 1957.

On March 4, 1959, claimant filed a motion to reopen, seeking additional compensation for increased disability, occasioned by a change for the worse in his physical condition. The trial judge, to whom the case was assigned for hearing, denied the application based upon a finding that "the complaints of increased disability and discomfort were not induced, aggravated, or precipitated by the trauma or injury, upon which the court had previously ruled."

**8**

The State Industrial Court, en banc, affirmed the order on appeal. Claimant brought this proceeding to obtain a review.

■ Under 85 O.S.1951 § 28, the State Industrial Court is authorized to make an award for additional compensation when the proof shows that subsequent to its last prior order claimant's physical condition has undergone a change for the worse which is due to the original accidental injury. United States Gypsum Company v. Pendleton, Okl., 340 P.2d 467, and Sappington-Hickman, Inc. v. State Industrial Commission, Okl., 262 P.2d 707. Whether such a change in condition which results in increased disability was occasioned by the original compensable injury, or other causes, is a question of fact for the determination of the State Industrial Court, whose finding thereon, when based upon competent evidence reasonably tending to support it, will not be interfered with on review. General Acc. Fire & Life Assur. Corp. v. Mowry, Okl., 262 P.2d 421. The burden to show the requisite elements of proof, as outlined above, rests on the claimant. Sigler v. Tillery and Jones, Okl., 292 P.2d 423; H & H Supply Co. v. Bryant, 204 Okl. 515, 231 P.2d 685; Standish Pipe Line Co. v. Kirkland, 188 Okl. 248, 107P.2d 1024.

In the instant proceeding claimant sought to establish that his abdominal complaints from a condition described by his physician Dr. R. as an "ulcerated diverticulum" of the duodenum arose from, or were aggravated by, the original back injury. The gastro-intestinal symptoms consisted in ejection of bloody vomits and passing of tarry stools. Dr. R. filed a report for the claimant and also testified by deposition. The physician explained that claimant had a nervousness before the accident and was a "hyperactive and hyperkinetic individual." According to the evidence of this witness, ulcer conditions which he detailed are usually related to psychosomatic disturbances, and a good portion of the etiology in claimant's case is the worry about his family situation and financial situation brought about by the back injury and persistent pain therefrom.

Respondent offered the report of Dr. B. who also appeared and testified. His testimony ascribes claimant's abdominal ailment to anxiety tension state with hysterical components; hyperacidity; duodenal diverticula which he diagnosed as congenital, and other causes wholly unrelated to "physical trauma." He found no "demonstrable evidence" of an active duodenal ulcer or other disease of the abdomen which could be attributed to trauma.

The order of the State Industrial Court, claimant asserts, is based upon the testimony of Dr. B. whose reports rest on an inaccurate, incomplete and false history and is therefore incompetent and without probative value. In support of this contention reliance is had on Acme Flour Mills v. Bray, 185 Okl. 516, 94 P.2d 828, wherein we vacated the award because the principal cause of disability (as shown by the evidence) was not stated to or withheld from the physician for the claimant.

In the case at bar the record discloses that Dr. B's diagnosis and conclusions were reached to an appreciable degree, if not entirely, from personal observations and an extensive x-ray and clinical examination. While the social and family history obtained and given by Dr. B. did contain some details not stated elsewhere, the facts he so related are nowhere contradicted in the record. Claimant deems some statements relative to his background of nervous and emotional instability to be false and exaggerated. These matters were however conceded by his own physician. Moreover, Dr. B. when questioned on cross-examination concerning the claimed discrepancies and inaccuracies in the history was asked to assume a state of facts more conformable to claimant's theory. He declined to change his opinion and to reach a different conclusion from that stated in the report.

■ The medical testimony, as outlined above, was in sharp conflict. In such case we will not weigh conflicting evidence to

determine where the preponderance lies. In Sanders v. State Industrial Commission, Okl., 331 P.2d 478, 480, it is stated:

"* * * claimant introduced before the State Industrial Commission testimony of qualified competent physicians. The respondents likewise introduced competent medical evidence tending to support their theory. It therefore appears from the evidence, the nature of which has been many times approved by this court, that the Commission chose to base its findings of fact on the evidence in support of respondents. Under the above authorities it is neither the province nor the duty of this court to interfere with the order of the State Industrial Commission. * * *"

■ There is competent evidence reasonably tending to support the finding of the State Industrial Court that there has been no change in the physical condition of claimant which is attributable to the original compensable injury.

Claimant next contends that the trial judge was laboring under the mistaken belief that he had no power to reopen the case and grant additional compensation prior to the expiration of the number of weeks covered by the original award. While the record reflects some remarks were made concerning the policy of the trial tribunal with respect to the entertaining of application for additional compensation based on a change of condition, claimant was not deprived of his right under the law to a fair determination of the issues raised by his motion. Much evidence was presented by both parties and the application was denied solely upon the finding that there was no causal connection between claimant's gastro-intestinal condition and his original accidental injury to the back.

Order sustained.

DAVISON, C. J., WILLIAMS, V. C. J., and JOHNSON, BLACKBIRD, JACKSON and IRWIN, JJ., concur.