**REFINERY ENGINEERING COMPANY, and The Travelers Insurance Company, Petitioners,**

v.

**Samuel E. BLANKENSHIP and the State Industrial Court, Respondents.**

**No. 38820.**

Supreme Court of Oklahoma.

June 14, 1960.

Sanders & McElroy, Tulsa, Dale F. Whitten, Tulsa, of counsel, for petitioners.

S. J. Clendinning, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

BERRY, Justice.

Samuel E. Blankenship, hereinafter called claimant, obtained an award for ten percent disability to the body as a whole

under date of January 8, 1958, growing out of an accidental injury arising out of claimant's employment with the Refinery Engineering Company. This award was paid in full January 16, 1958. On January 8, 1959, claimant filed an application to reopen on a change of condition and the State Industrial Court entered an order in part as follows:

"That even though myelographic x-rays have been done on claimant and same have been reviewed by competent specialists in their field, their opinions differ; and the Trial Judge is of the opinion that further examination or treatment should be tendered claimant at the expense of respondent or insurance carrier at the hands of a competent surgeon selected by respondent or insurance carrier, with claimant having the right and invitation to have a medical witness present; and respondent and/or insurance carrier are hereby ordered to tender exploratory surgery to claimant under such conditions; and if corrective surgery is required at the time of exploratory surgery, then respondent and/or insurance carrier are ordered to direct such surgeon to do such corrective surgery.

"That if claimant accepts such tender, respondent and/or insurance carrier are ordered to immediately start claimant's temporary total disability compensation, when he submits himself for such surgery.

"That further rights of the parties are held in abeyance until claimant accepts or rejects such tender.

"It Is Therefore Ordered that respondent or insurance carrier tender claimant an exploratory operation at the hands of a competent physician to be selected by respondent or insurance carrier, and should corrective surgery be necessary, then such surgeon shall be authorized by respondent or insurance carrier to perform same; that should claimant submit to such corrective surgery, that payment of compensation for temporary total disability be commenced on the date claimant submits himself to undergo such surgery; that further rights of the parties are held in abeyance until claimant accepts or rejects such tender."

The record discloses that claimant was employed as a carpenter and was injured when he stepped between foundation forms during his work on the 14th day of May, 1957. At the time of the entry of the award on January 8, 1958, claimant had quit work for the employer. Following his injury he was hospitalized for a week and returned to work at light work a few days thereafter. He quit work on or about October 16, 1957. He was employed at different intervals by others. He is not now employed. The chief question of fact presented to the State Industrial Court, after the filing of the application on January 8, 1959, was whether claimant has a herniated disc or injured spine and whether the condition prevailed at the date of the award on January 8, 1959.

Under 85 O.S.1951 § 28, the State Industrial Court is authorized to enter an award on the ground of a change of condition where the change occurs after the last prior order or award. The duty is on the party or parties making the application to show such change in condition. Boardman & Co. et al. v. Clark et al., 166 Okl. 194, 26 P.2d 906; Blackburn Construction Co. et al. v. Kennedy et al., 184 Okl. 549, 88 P.2d 881; Lumbermen's Supply Co. et al. v. Mackey et al., 201 Okl. 296, 205 P.2d 870; and Sigler v. Tillery and Jones et al., Okl., 292 P.2d 423.

In Standard Brands, Inc. et al. v. Gregor et al., Okl., 328 P.2d 181, it was held that it was the duty of the State Industrial Court to fix a date subsequent to the last prior order or award in making an award

on the ground of a change in condition. In Payne Drilling Co. et al. v. Shoemake et al., 183 Okl. 10, 79 P.2d 806, it is stated that a finding to the effect that the change in condition was after the last prior order or award was a prerequisite to a valid order. Since the burden is on the party or parties applying to show a change in condition it is essential that the State Industrial Court make a finding of such change in accordance with the provisions of Sec. 28, supra, which section reads as follows:

"Upon its own motion or upon the application of any party in interest, on the ground of a change in condition, the commission may at any time review any award, and, on such review, may make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in this act, *and shall state its conclusions of fact and rulings of law*, and shall immediately send to the parties a copy of the award. No such review shall *effect* such award as regards any money already paid." (Emphasis supplied.)

We hold that whether or not there has been a change in condition is a jurisdictional question, and before an award can be made under the provisions of Sec. 28, supra, the State Industrial Court must make a finding that there has been a change in condition and that such change occurred after the date of the last prior order or award. There was no such finding made in the case under consideration.

The cause is remanded to the State Industrial Court with directions to vacate the award as entered and proceed in accordance with the views herein expressed.

Award vacated with directions.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, JOHNSON, BLACKBIRD, JACKSON and IRWIN, JJ., concur.