Oscar B. BARNARD, Petitioner,

v.

PUBLIC SERVICE COMPANY OF OKLAHOMA and State Industrial Court, Respondents.

No. 40437.

Supreme Court of Oklahoma.

July 21, 1964.

Ungerman, Grabel, Ungerman & Leiter, Tulsa, for petitioner.

E. J. Doerner, Doerner, Stuart, Moreland, Campbell & Saunders, Tulsa, for respondents.

JOHNSON, Justice.

On December 8, 1960, the claimant filed his claim for compensation with the State Industrial Court for injuries to his elbow, shoulder and back. On April 18, 1961, he was awarded 75 weeks at $30.00 per week. $710.00 of this amount was paid forthwith, which covered the accrued twenty-seven weeks. The remaining forty-eight weeks were paid as they accrued. On April 6, 1962, the payments under the original award having been paid in full, the claimant filed application to reopen the case, alleging a change of condition.

Hearing was had in due course before both the trial examiner and the court en banc, resulting in a denial of any additional award in both instances. This original proceeding to review such action was instituted by the claimant.

■ At the outset, it may be stated that the decisions of this court uniformly hold that the question of change of condition is a question of fact, and that if the findings of the Industrial Court are sustained by competent evidence such findings will not bet set aside. In Tinsley v. Goldenstern and Stolpher et al., Okl., 353 P.2d 6, this court said:

"* * * Whether such a change in condition which results in increased disability was occasioned by the original compensable injury, or other causes, is a question of fact for the determination of the State Industrial Court, whose finding thereon, when based upon competent evidence reasonably tending to support it, will not be interfered with on review. General Acc. Fire & Life Assur. Corp. v. Mowry, Okl., 262 P.2d 421. The burden to show the requisite elements of proof, as outlined above, rests on the claimant. Sigler v. Tillery and Jones, Okl., 292 P.2d 423; H & H Supply Co. v. Bryant, 204 Okl. 515, 231 P.2d 685; Standish Pipe Line Co. v. Kirkland, 188 Okl. 248, 107 P.2d 1024."

■ It therefore must be determined whether there was evidence sustaining the findings of the Industrial Court.

Dr. S. furnished a written opinion concerning the condition of claimant. This is dated April 20, 1962 and contained the following:

"It is my opinion that this patient's disability in his arm is worse now than when I saw him January 16, 1961; but under no circumstances, can it be attributed to the shoulder injury. We do not see clawing of the hand and further atrophy and disuse of the entire shoulder girdle from a shoulder cuff lesion. It is my opinion that his increased disability is due to other causes rather than the shoulder injury, which he sustained on August 19, 1960."

Dr. P. also furnished a written opinion dated May 29, 1962, which contained the following:

"It is my opinion that this patient has a complete, total, permanent disability to the right upper extremity at the present time. It is my opinion that this total disability has not resulted from the original cuff tear for which he was seen in January, 1961, but is in all probability due to the cervical spine lesion. The cervical spine destructive process is to be thought of whether it may be due to an infectious process or due to some type of tumor process

causing the destruction. The former would be the probable diagnosis, subsequent to surgical procedure."

It is therefore evident that there was competent evidence to sustain the finding of the Industrial Court that there was no compensable change of condition.

The denial of award by the Industrial Court is sustained.

HALLEY, V. C. J., and DAVISON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.