PURE OIL COMPANY and Zurich Insurance Company, Petitioners,

v.

John H. BARTELL and the State Industrial Commission of The State of Oklahoma, Respondents.

No. 37775.

Supreme Court of Oklahoma.

Nov. 5, 1957.

Fenton & Fenton, Oklahoma City, for petitioners.

Dick Bell, Seminole, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

On June 14, 1950, John H. Bartell, respondent herein, filed a claim for compensation against Pure Oil Company and its insurance carrier, Zurich Insurance Company, referred to as petitioners herein, in which he stated that on May 26, 1950, while in the employ of petitioner, Pure Oil Company, he sustained an accidental injury consisting of an injury to his back; that the injury occurred while he was engaged in kicking off and starting an engine.

The record discloses that payments of temporary total compensation were commenced on June 7, 1950, and continued until June 13, 1950, at which time respondent returned to work. No further proceedings were had in the case until October 15, 1956, at which time, on motion of respondent, the case came on to be heard before a trial judge on the question as to the extent, if any, of permanent disability sustained by respondent as the result of his above mentioned injury.

The trial judge at the close of the evidence, found:

"That claimant sustained an accidental personal injury, arising out of and in the course of his hazardous employment with the above named respondent, on May 26, 1950, consisting of injury to his back and that he subsequently aggravated said back injury in 1952 while working for the same respondent.

"That at the time of said injury, claimant's wages were sufficient to fix his rate of compensation at $25.00 per week; that claimant has been paid some compensation for temporary total disability, according to his own statement, the exact amount of which is not clear to the Commission.

"That claimant is now permanently and totally disabled as a result of his injury sustained in 1950 and the subsequent injury sustained in the employment of said company, and the aggravating factor created by the same; and the Trial Judge finds that the respondent has had knowledge of and has furnished claimant all reasonable and necessary medical treatment for said injuries to little or no avail, since claimant is now permanently and totally disabled; and that by reason of such permanent and total disability, claimant is entitled to compensation for 500 weeks at $25.00 per week, or the total amount of $12,500.00, less any amounts heretofore paid as compensation for temporary total disability.

"The Trial Judge further finds that claimant continued to work intermittently and with great loss of time to November 28, 1955, and since said time has been permanently totally disabled and is entitled to back payment on his compensation for permanent total disability in the amount of $1550.00, or 62 weeks, which respondent is ordered to pay in a lump sum, and pay the balance of the award at $25.00 per week, until the total award of $12,500.00 has been paid, same to be less attorney fee of $1750.00 to claimant's attorney, Dick Bell."

The trial judge, based upon and in accord with the above findings, entered an award in favor of respondent, which was sustained on appeal to the Commission en banc.

Petitioners bring the case here for review and in their propositions 1 and 2 contend the finding of the State Industrial Commission that respondent, as a result of his injury sustained on May 26, 1950, as aggravated by his injury sustained in January of 1952, is permanently totally disabled, is not supported by the evidence, and the award of compensation should be vacated.

It is stipulated that on May 26, 1950, respondent, while in the employ of Pure Oil

Company and engaged in the course of his employment, sustained an accidental injury; that he has been paid temporary total compensation during all of the period he was temporarily totally disabled, and that no temporary compensation is due; that the only question to be determined by the Commission is the extent, if any, of permanent disability sustained by respondent as the result of his injury above mentioned.

Respondent testified that on May 26, 1950, while in the employ of Pure Oil Company he sustained an accidental injury consisting of an injury to his lower back; that the injury occurred while he was engaged in kicking off and starting a forty horse power Bessemer Engine, when the engine backfired and threw him over the wheel to the ground, causing the injury above stated; that ever since he sustained such injury he has had no control over his kidneys. He notified his employer of his injury and was directed to go to Dr. M for treatment. He saw, and was treated by Dr. M and other doctors, and is still under their care. He continued to work quite regularly however, until January 10, 1952, when he re-injured his back while engaged in lifting tubing, since which time his condition has grown steadily worse. He continued to work at intervals until November 28, 1955, however, when he was operated for his kidney trouble, since which time he has been unable to do any work.

■ Petitioners contend there has been no medical evidence offered in the case to sustain the finding of the Commission that respondent, as the result of his injury sustained May 26, 1950, aggravated by his injury occurring in January, 1952, is permanently totally disabled; and that in the absence of such evidence the award, based on such finding, cannot be sustained.

We do not agree that there has been no medical evidence offered to support the finding and award of the Commission. Respondent offered in evidence the written report of Dr. M in which the doctor states he first saw and examined Mr. Bartell on April 2, 1952, at which time he was complaining of urinary difficulties, which, ac-

cording to the history, were compatible with a neurological bladder difficulty. He further complained of back discomfort, pain and weakness of his back, also weakness of his legs, staggering and stumbling while walking. He stated that while at work in January, 1952, he lifted a joint of pipe, hurting his back which has not felt right since. Prior to this time in 1950, he was thrown over a flywheel when engaged in kicking off an engine, hurting his back and requiring that he be off work for two or three months. The doctor, after further stating in detail conditions found to exist, as a result of his examination concluded:

"It is evident that Mr. Bartell is now totally and permanently disabled and that his condition is progressive and will in all likelihood become worse. It is my opinion that the two back injuries suffered have aggravated his condition resulting in a more rapid progression of his disease process."

There is medical evidence to the contrary. Petitioners offered in evidence the reports of three physicians, all of whom in their reports agreed with Dr. H that respondent is now permanently totally disabled, but expressed the opinion that such disability is due to general sickness and has no relation whatever to his injuries sustained in May of 1950, and January of 1952.

■ Petitioners' final contention is that the Commission was not authorized to award compensation for disability from two or more injuries resulting from accident on different dates, and particularly where claim is pending for only one of such alleged injuries. In this connection they argue that respondent had only one claim pending before the State Industrial Commission for compensation and such claim was for compensation for his injury resulting from the accident occurring on May 26, 1950; that there was no claim filed for the injury alleged to have occurred in January of 1952, and that the only issue tendered to the Commission under the record in this case was for compensation for the injury sustained in May, 1950; that

there is no evidence upon which to sustain a finding that respondent, as the result of that injury alone, was permanently totally disabled and that since no claim was filed for an injury sustained by respondent in January, 1952, the Commission was without authority to award him any compensation as the result of that injury. We do not agree. There has been evidence offered in this case tending to establish that the injury sustained by respondent as the result of the accident occurring in January of 1952, was a mere recurrence or aggravation of the injury sustained by him on May 26, 1950; and the Commission so found. In these circumstances, the entire disability sustained by respondent will be attributed to the injury sustained May 26, 1950. In Deep Rock Oil Corp. v. Betchan, 169 Okl. 42, 35 P.2d 905, 102 A.L.R. 786, we held:

"Subsequent incident or accident aggravating original injury may be of such nature and occur under such circumstances as to make original injury responsible cause."

In Sutton & Sutton v. Courtney, 203 Okl. 590, 224 P.2d 605, 606, we announced the following rule:

"Where, in an action to recover compensation under the Workmen's Compensation Act [85 O.S.1951 § 1 et seq.], it is shown that the employee had suffered two successive accidents while working on different jobs, the question of whether the disability sustained by him should be attributed to the first accident or the second accident depends on whether or not the disability sustained was caused by a recurrence of the original injury or by an independent and intervening cause. If the second injury was a mere recurrence of the first injury the disability will be attributed to the first accident but if due to an independent and intervening cause the disability will be attributed to the second accident, and a finding of the Commission on this question will not be disturbed by this court on peti-

tion for review where reasonably supported by competent evidence."

See, also, Hall v. Howard Johnson of Oklahoma, Inc., Okl., 297 P.2d 560; Sigler v. Tillery and Jones, Okl., 292 P.2d 423.

We conclude that the evidence is sufficient to sustain the findings of the Commission and the award based thereon will not therefore be disturbed on review.

Award sustained.

WELCH, C. J., CORN, V. C. J., and HALLEY, WILLIAMS, JACKSON and CARLILE, JJ., concur.