**HUMBLE OIL & REFINING CO. et al. v. NOBLE et al.**

No. 23560. Opinion Filed Dec. 13, 1932.

K. W. Gilmore and Earl A. Brown, for petitioners.

Paul Brown, for respondents.

ANDREWS, J. This is an original proceeding in this court instituted by the respondent and its insurance carrier before the State Industrial Commission to review an award in favor of the claimant therein. The parties hereinafter will be referred to as the petitioners and the claimant.

The claimant was employed by the petitioners Humble Oil & Refining Company. While engaged in clearing of timber a place for the construction of a reservoir, he sustained a broken leg from being struck by a falling tree. He was given hospital and medical attention. Thereafter a stipulation and receipt on form 7 of the State Industrial Commission was entered into between the claimant and the petitioner and filed with the State Industrial Commission. Thereby the claimant acknowledged receipt of the amount stipulated therein "on account of disability resulting from injury sustained by claimant on above date." On March 9, 1927, the State Industrial Commission made an order and award, which, with formal parts omitted, was as follows:

"The Commission on this date being regularly in session, this cause comes on in its regular order to be considered pursuant to the stipulation and receipt filed by the parties herein, and the Commission having considered said stipulation and receipt, finds upon consideration thereof that the claimant is entitled to an award for compensation for disability resulting from an accidental injury sustained while in the course of his employment with respondent and arising out of same and being particularly described in said stipulation.

"It is therefore ordered: That claimant herein be and he is hereby awarded compensation on the aggregate sum of $439.91, and it appearing that the claimant heretofore received payment of compensation in the total of which is a sum equal to that herein awarded.

"It is further ordered: That such payment be approved and credited in satisfaction of this award."

On September 22, 1931, the claimant filed with the State Industrial Commission a motion to reopen the proceeding on the ground of a change of condition. We quote from that motion the allegation as to the change of condition as follows:

"* * * He has suffered a change of condition in that his left leg is now one inch shorter than the right leg; that the left foot is held in a position of marked eversion at an angle of approximately 90 degrees; that there is considerable soreness and a limitation of motion in his left foot. * * *"

The petitioners filed their response thereto denying that there had been any change in the claimant's condition resulting from the injury since the date of the settlement and award.

A hearing on the motion to reopen was had before the State Industrial Commission, and on March 25, 1932, the State Industrial Commission made its findings, in part, as follows:

"(3) * * * That by reason of said accidental injury the claimant was temporarily totally disabled from the performance of ordinary manual labor from the 20th day of July, 1926, to the 20th of January, 1927, or for a period of 25 weeks and two days beyond the five days' waiting period, for which the claimant has heretofore been paid in the total of $439.91 and signed a stipulation and receipt for said amount which was filed with the State Industrial on February 19, 1927, and an order made thereon approving the same on the 19th day of March, 1927.

"(4) That after the order of March 9, 1927, the condition of claimant's left foot has changed for the worse, and the claimant at this time has a permanent partial disability of 35 per cent. to his left foot * * *"

—and made an award in favor of the claimant based on a 35 per cent. permanent partial loss of the use of the left foot and for temporary total disability of 25 weeks from September 22, 1931, to March 17, 1932. This proceeding is to review that award.

The petitioners contend that the evidence is insufficient, as a matter of law, to sustain the allegations of the claimant's motion to reopen the case, and that the award and order of the State Industrial Commission entered on March 25, 1932, is contrary to law.

It will be noted that the findings of the State Industrial Commission in paragraph numbered 3 are materially different from its former findings. On the motion to reopen on account of a change of condition, the State Industrial Commission had before it for determination the question of whether or not there had been a change of condition of the claimant after the date of the former award. It did not have be-

fore it for determination the correctness of the former award. The findings upon which the former award was based had become and were final. By that award the State Industrial Commission had determined the rights of the claimant up to the date of that award. The stipulation and settlement and the award were for the disability resulting from the injury. Upon the motion to reopen, the State Industrial Commission did not have jurisdiction to find that the stipulation and settlement and the award were for temporary total disability, rather than for the disability resulting from the injury. When the State Industrial Commission found that the former award was for temporary total disability, it made a finding which it was not authorized to make and which was and is contrary to law.

It will be noted from the findings in paragraph numbered 4 that the State Industrial Commission found that the claimant had a permanent partial disability of 35 per cent. to his left foot. Nowhere did the State Industrial Commission find that that permanent partial disability of 35 per cent. to the left foot was in addition to the permanent partial disability to the left foot at the time of the first award. Though there had been proof of a change of condition in the claimant's left foot, the State Industrial Commission would have been without authority of law to make an award for any greater percentage of disability than the difference between the percentage of disability at the time of the first award and the percentage of disability at the time of the second award. There is nothing in this record to show that percentage.

There is nothing in this record to show any change of condition in the left foot of the claimant between the date of the first award and the date of the second award.

While the claimant testified that he was suffering considerable pain, the Workmen's Compensation Act does not contemplate compensation for pain and suffering. While the claimant testified that he was not able to walk without suffering pain, it is evident that he was not able to walk without suffering pain at the time of the first award, for the record clearly shows that his broken leg had not healed at that time. We quote from his testimony as follows:

"A. Well, it was pretty sore when I was first released, it got better. Q. Now, in your opinion, that soreness matter you thought would wear off? A. Yes, sir. Q. As a matter of fact, it has not worn off? A. No, sir. Q. The ankle and your foot remains, that is, substantially the same as it was when you were discharged in 1927? A. Yes, sir. Q. The main difference in the soreness of the leg? A. Yes, sir. Q. Any swelling? A. When I walk and use it. Q. It swells when you walk and use it? A. Yes, sir."

There can be no doubt that if the claimant had walked at the time of the first award, his leg would have swollen.

Complaint was made as to the position of the foot, but the claimant testified that it was turned around at the same angle at the time of the first award. The medical expert offered by the claimant testified that "The eversion probably has been present since the healing of the fracture, because that the result shows deformity," and:

"Q. Doctor, how long you think the shortening of the leg occurred—in the accident, by this time? A. It occurred when the accident occurred, since healing that. Q. That was there probably six or seven months after the accident? A. I think it was there immediately after the accident and right along."

The claimant relies upon the statement of the medical expert offered by him that he arrived at his opinion of a 40 per cent. disability in part by basing it "upon some change in the weight-bearing line." That testimony is not susceptible of the construction sought by the claimant to have placed upon it. The doctor was asked and answered:

"Q. Could you state to the Commission how you arrived at 40 per cent. of disability in this case? A. Yes, sir, it is based upon the shortening the man has, as a result of the fracture of that leg; second, it is based upon the deformity, it is healed in the position of eversion; third, it is based upon some change in the weight-bearing line; fourth, upon the condition of arthritis; and fifth, upon the condition no complete union of the tibila, which is the main weight-bearing bone of the leg. Q. That is the reason you figured 40 per cent.? A. Yes, sir."

It is apparent therefrom that the change in the weight-bearing line referred to was a change from the normal, and not a change from the condition at the time of the first award. The testimony can have no other meaning, for this doctor did not know anything about the weight-bearing line of the claimant at the time of the first award.

There was no evidence of the physical condition of the claimant at the time of

the stipulation and settlement and the first award. Since there was no evidence of that condition, there was nothing from which the State Industrial Commission could determine whether or not there had been a change of condition between the date of that award and the date of the award sought to be reviewed herein.

An award cannot be made on the ground of change of condition without some proof of the condition of the claimant at the time of the former award. The condition of the claimant at the time of a hearing to reopen, had some years after a settlement and award, is not sufficient. In K. D. Oil Co. v. Datel, 145 Okla. 264, 292 P. 564, this court held:

"In order to reopen a case and award further compensation upon account of change of condition, the claimant must establish before the Industrial Commission that there has, in fact, been a change of condition since the original award was made, and, further, that same was due to the original injury."

The rule announced therein has been followed in many recent decisions of this court. It is also a well established rule of this court that, where there is a subsequent award based on a change of condition, it is limited in amount to that actually created by the change in condition after the making of the prior award. O. M. Bilharz Mining Co. v. Clark, 153 Okla. 31, 4 P. (2d) 729.

Where the injury complained of is of such a character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science and must necessarily be proved by the testimony of skilled professional persons. St. Louis Mining & Smelting Co. v. State Industrial Commission, 113 Okla. 179, 241 P. 170. That rule applies equally as well to proceedings to reopen on the ground of a change of condition. The claimant must prove that there was a change of condition since the date of the first award and that the change of condition was the result of the original compensable injury. Williams Bros., Inc., v. State Industrial Commission, 158 Okla. 171, 12 P. (2d) 896.

The award of the State Industrial Commission is vacated.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and HEFNER, J., absent.

Note.—Note. See under (1) annotation in L. R. A. 1916A, 163; L. R. A. 1917D, 187; 40 A. L. R. 1474; 28 R. C. L. 812, 823, 827; R. C. L. Perm. Supp. pp. 6239, 6246, 6247, 6251; R. C. L. Pocket Part, title "Workmen's Compensation," §§ 99, 115.