## BARNSDALL OIL CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 27173. Oct. 6, 1936.

Rehearing Denied Dec. 8, 1936.

M. D. Kirk and W. M. Fleetwood, Jr, for petitioner.

C. W. Schwoerke and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Barnsdall Oil Company, as petitioner, to obtain a review of an award made by the State Industrial Commission in favor of the respondent T. T. Richardson. In this opinion the parties will be referred to as petitioner and respondent.

The record shows that the respondent, while in the employ of the petitioner, on December 1, 1934, sustained an accidental injury to his right hand; that he was given immediate medical attention and returned to work on January 2, 1935. The evidence further shows that compensation on account of temporary total disability was paid, and that the parties subsequently agreed among themselves that as a result of the accident the respondent had sustained a 5 to 10 per cent. loss of use of his right hand; that this agreement was filed with the State Industrial Commission and approved by it in an order dated May 18, 1935, and that thereunder the petitioner paid to the respondent the sum of $345.60, in full of permanent partial disability. In January, 1936, the respondent applied to the commission to reopen the cause and to award him additional compensation on the ground of a change in his condition. Hearings were held on this application, and on April 22, 1936, the commission entered the order and award which we are now called upon to review. The commission inter alia found:

"That on January 29, 1936, claimant filed his motion to reopen his cause on a change of condition and award further compensation; and the commission finds that claimant has had a change of condition, and that he now has 25% permanent partial disability due to said injury to his hand."

Thereupon the commission directed payment of additional compensation in the sum of $518.40, to be made to the respondent on account of .15 per cent. additional permanent partial disability to his hand. Petitioner challenges the above finding of the commission and the order based thereon as being without support of any competent evidence.

The only evidence before the commission at the hearings conducted to determine whether there had been a change of condition was the testimony of the respondent and that of Doctors C. C. Shaw and D. D. Mosher. The testimony of the respondent in substance was to the effect that he had been unable to work as well with his hand and did not have as good a grip therein as he had in May, 1935. The witness did not attempt to testify as to how this had happened. The testimony of Dr. Shaw in substance was to the effect that he had examined the respondent for the first time on January 3, 1936, and that he had no knowledge of the actual condition existing in respondent's hand in May, 1935, but that his examination, which was limited to the right hand, disclosed there had been a crushing fracture of the fifth metacarpal bone and that X-ray examination showed that the proximal phalanges of the first, second, third and fourth fingers of the hand had also been fractured. This witness also testified that in his opinion the hand had a 50 per cent. permanent partial disability, which, from the history given him, he attributed to the accidental injury which respondent had sustained. The witness further testified that if respondent had only had a 10 per cent. partial disability to his hand in May, 1935, then there had been a change for the worse in said condition, since his examination in January, 1936, revealed

a 50 per cent. permanent partial disability. Dr. Mosher testified in substance that he had examined and treated the respondent immediately after his injury, December 1, 1934, at which time he took X-ray pictures of the injured hand and found a compound comminuted fracture of the fifth metacarpal bone; found no other evidence of fracture; that he released the respondent for work on December 31, 1934, although he continued treatments until February 4, 1935, and examinations of respondent until February 23, 1935, and that at the latter date the extent of permanent partial disability to the respondent's hand, in his opinion, was approximately 5 per cent. This witness further testified that he had again examined the respondent in March, 1936, and at that time found no change in the condition of the respondent's hand from that revealed by the previous examinations, except that the hand was in a slightly better condition.

Before the State Industrial Commission is authorized to make an award on the ground of change in condition, it must be shown that there has been a physical change in the ability of the employee to perform the duties of his employment, and that such change has occurred since the last prior order of the commission. Deep Rock Oil Corp. v. Evans, 167 Okla. 66, 28 P. (2d) 7; Shell Pet. Corp. v. Patton, 167 Okla. 246, 29 P. (2d) 86; Boardman Co. v. Clark, 166 Okla. 194, 26 P. (2d) 906; Brown Bros. v. Parks, 176 Okla. 615, 56 P. (2d) 883.

As we have heretofore pointed out in Eagle-Picher Lead Co. v. Black, 164 Okla. 67, 22 P. (2d) 907:

"On a motion to reopen on the ground of a change of condition, the burden is on the claimant to prove, first, the change of condition, and, second, that the change of condition was the result of an original compensable injury."

The same rule applies to approved stipulations. Magnolia Pet. Corp. v. Nalley, 176 Okla. 491, 56 P. (2d) 769.

It will be observed from what has been said that the evidence of the respondent failed to meet the above-stated requirements. The only evidence of any increased disability to labor or to perform work was that of the respondent himself, and there was no proof of connection between the injury and the resulting disability. This, of course, was of a nature to require the testimony of skilled and professional persons. Williams Bros. v. State Industrial Com., 158

Okla. 171, 12 P. (2d) 896. And the rule with reference to the class of testimony required in the situation here presented has been stated in Humble Oil & Ref. Co. v. Noble, 161 Okla. 35, 16 P. (2d) 1072, as follows:

"A subsequent award for compensation based on a change of condition is limited in amount to that created by the change in condition after the making of the prior award, and such an award cannot be sustained by proof of the condition after the change in condition without proof of the condition prior to the change in condition."

Dr. Shaw, who appeared as a witness for the respondent, frankly stated that he knew nothing of the prior condition of the respondent's hand; that his examination revealed a more severe injury than that found by Dr. Mosher. This constituted a mere difference in opinion between the doctors as to the extent of the injury, but no evidence that the condition found by Dr. Shaw in January, 1936, did not in fact exist in May, 1935. From aught that appears in Dr. Shaw's testimony, had he examined the respondent in May, 1935, he may have found exactly the same condition existing then as he did later. This doctor's testimony under the rule above announced was incompetent as to showing any change in condition. The fact that compensation had been agreed upon for 10 per cent. permanent partial disability and approved by the commission had no other effect than to establish an award for that percentage of disability. The agreement so made and approved established the fact that in May, 1935, the parties and the commission were of the opinion that the respondent only had 10 per cent. permanent partial disability to his right hand. If the parties and the commission were mistaken in the actual condition existing, such mistake could not be rectified on the ground of a change in condition. As we have said in Southern Drilling Co. v. Daley, 166 Okla. 33, 25 P. (2d) 1082:

"Assuming that we have not changed our opinion by reason of an oversight, but by reason of new factors appearing in the condition which could not have been known at the earlier time, we have a real change in conditions. And this is true though at the same time we change our opinion of what the condition was formerly. That is, though we may now see that the condition contained elements of permanency, it has, none the less, changed from temporary to permanent. But, where we have changed our opinion by reason of an oversight, we do not have a change in conditions. Nothing in the condition has changed, no new factor

has appeared in it, we have merely changed our opinion. The condition was not, in fact, ever in the ordinary use of the term, what we said it was at the earlier time. We made a mistake. The Workmen's Compensation Law treats these two concepts in an entirely different manner. In short, it does not provide for the correction of mistakes in condition beyond the 30-day period of its absolute jurisdiction (Gypsy Oil Co. v. Roop, 148 Okla. 104, 299 P. 444; Oklahoma Pipe Line Co. v. Commission, 149 Okla. 162, 299 P. 180), but it allows adjusted compensation on the grounds of a change in conditions and authorizes the commission on competent evidence to review any award, and, on such review, to make an award ending, diminishing or increasing the compensation previously awarded, subject to the maximum or minimum provided in the act."

And as we have said in Tulsa Rig, Reel & Mfg. Co. v. Case, 176 Okla. 262, 55 P. (2d) 777:

"Where there is an entire absence of any competent evidence upon which to base a material finding of the State Industrial Commission necessary to support an award of compensation, this court will declare as a matter of law that an award based upon such unsupported material finding is unauthorized and will vacate the same."

Since the finding of the commission of a change in condition of the respondent's hand is without the support of any competent evidence in the record, the award must be vacated.

Award vacated.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.