## INDIAN TERRITORY ILLUMINATING OIL CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 28598.     April 11, 1939.

Rehearing Denied May 9, 1939.

W. P. McGinnis, Samuel H. Riggs, Archibald Bonds, and Robert R. McCracken, for petitioner.

Gerald Spencer, Champion, Champion & Fischl, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. The Indian Territory Illuminating Oil Company, hereafter referred to as petitioner, seeks a review of an award which was made by the State Industrial Commission on April 18, 1938, in favor of Robert A. Warren, hereafter referred to as respondent.

On August 19, 1929, the respondent sustained a compensable injury as the result of a pipe jack slipping and striking him. The petitioner furnished medical attention

and paid compensation for the period of time respondent was totally disabled. The State Industrial Commission, on October 1, 1929, commenced proceedings to determine liability and extent of disability. On August 8, 1932, the commission entered an order wherein it found that respondent had suffered a permanent partial disability on account of his injury and for which he was entitled to compensation under the "other cases" provision of subdivision 3, section 13356, O. S. 1931, 85 Okla. St. Ann. sec. 22, subd. 3, and awarded compensation for such disability at the rate of $17.31 per week for a period not to exceed 300 weeks. This order and award was vacated, however, on August 24, 1932, upon motion of the petitioner in order to afford it an opportunity to submit further evidence to the commission. Thereafter the parties apparently decided to settle the matter between themselves, and on October 31, 1932, they filed with the Industrial Commission a Form 14 stipulation and agreement wherein they recited that respondent had a permanent partial disability as the result of his injury which had decreased his wage-earning capacity to the extent of $1.40 per day and for which settlement had been agreed upon the basis of $1,755 to be paid in a lump sum and which represented compensation for 300 weeks for the decrease in wage-earning capacity which the respondent had sustained, such payment being in addition to the amount which had theretofore been paid on account of temporary total disability. The Industrial Commission, on November 14, 1932, approved the foregoing stipulation. This order became final and the payments were made. On May 8, 1937, the respondent requested the Industrial Commission to reopen the cause and to award him further compensation on account of an alleged change in condition; hearings were held; the Industrial Commission entered the award which we now review. The commission found that the condition of the respondent had changed since the last prior order from a permanent partial one to a permanent total disability and awarded compensation at the rate of $17.31 per week for the unexpired 500 week period, or for a period of 185 weeks and two days subsequent to May 8, 1937.

The petitioner assigns five specifications of error:

"(1) The only evidence in the record which is competent to show a change in condition is that of Dr. Dewey Walden and R. A. Warren.

"(2) The evidence of R. A. Warren, claimant, and Dr. Dewey Walden, fails to show a change in condition.

"(3) Under the facts of this case, no change of condition can be shown.

"(4) The condition now asserted by the claimant has already been adjudicated.

"(5) The finding of the State Industrial Commission that the claimant has suffered a change in condition is not supported by the evidence."

The petitioner relies chiefly upon the fact that Dr. Walden had, at the hearings held prior to August 8, 1932, testified that respondent was then permanently and totally disabled, and that hence his testimony relative to a change in condition thereafter is not worthy of belief and should have been disregarded by the Industrial Commission. Upon much the same basis petitioner further argues that, since the respondent attempted to establish a condition of permanent total disability prior to the approval of the stipulation and agreement, this became an established fact and no change in condition could thereafter be shown. The cases cited by petitioner are addressed to situations where a permanent total disability has been established and a change in condition was thereafter sought to be shown. Such cases differ both in fact and principle from the situation here presented. The proceeding being one for an additional award under a change in condition, the burden was upon the respondent to establish such change in condition and that the same was attributable to the original injury and had occurred since the last prior order of the commission, and the only competent witness who appeared for the respondent and testified in this connection was Dr. Dewey Walden. (Barnsdall Oil & Ref. Co. v. State Industrial Commission, 178 Okla. 289, 62 P.2d 1031.) The testimony of the above-named witness was sufficient to show that a substantial change had occurred in the physical condition of the respondent since the last prior order of the commission, and that it had resulted in permanent and total disability on the part of the respondent to labor and perform work. The fact that this witness when confronted with the record of his testimony given at hearings held prior to the entry of the order of November 14, 1932, denied that he had testified as shown by said record and claimed that he had been misunderstood by the reporter who took the testimony at said hearings, while affecting the credibility of his testimony and the weight to be given thereto, in no manner prevented the Industrial Commission

from accepting and believing such testimony should they find it credible. Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P.2d 847; Curry v. State Industrial Commission, 182 Okla. 119, 76 P.2d 899. An approved stipulation is subject to the same rules as apply to any other award. Magnolia Petroleum Co. v. Nally, 176 Okla. 491, 56 P.2d 769. Consequently, the stipulation herein approved by the commission was subject to a review on change in condition the same as any award would be reviewable for the same reasons. Section 13362, O. S. 1931, 85 Okla. St. Ann. sec. 28; Skelly Oil Co. v. Goodwin, 168 Okla. 141, 32 P.2d 67; American Oil & Ref. Co. v. Kincannon, 154 Okla. 129, 3 P.2d 877; Marland Production Co. v. Hogan, 146 Okla. 220, 294 P. 115. A change in condition which authorizes an additional award is an actual one and not a change in opinion relative to a pre-existing condition (Southern Drilling Co. v. Daley, 166 Okla, 33, 25 P.2d 1082, and must be one in physical condition which causes (except in cases of loss of use of a specific member) a decrease in the ability of the injured employee to labor and perform work, and must be shown to have occurred since the last prior order of the commission and to be attributable to the original injury. Derr v. Weaver, 177 Okla. 100, 57 P.2d 1153; Deep Rock Oil Corp. v. Evans, 167 Okla. 66, 28 P.2d 7. Since, as pointed out above, the testimony produced before the Industrial Commission was sufficient to meet the requirements above outlined, the award is sustained by competent evidence and the contentions of the petitioner to the contrary are not well founded.

Award sustained.

BAYLESS, C. J., and RILEY, CORN, HURST, and DANNER, JJ., concur.