## STANOLIND PIPE LINE CO. v. BREWER et al.

No. 28944.   Oct. 31, 1939.

Clay Tallman and T. W. Arrington, both of Tulsa, for petitioner.

John Morrison and Claud Briggs, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.  In this proceeding Stanolind Pipe Line Company, hereafter referred to as petitioner, seeks a review of an award of additional compensation made by the State Industrial Commission on October 6, 1938, in favor of Charles J. Brewer, hereafter referred to as respondent.

The record shows that on September 29, 1931, the respondent sustained a compensa-

ble accidental injury; that on January 19, 1933, the State Industrial Commission, at the conclusion of hearings held to determine the nature and extent of disability which had resulted from respondent's injury, made an award of compensation for continuing temporary total disability; that this award on review was vacated by this court (Stanolind Pipe Line Co. v. Brewer, 166 Okla. 29, 25 P.2d 1100) ; that on July 28, 1934, the State Industrial Commission entered an award for permanent partial disability under the "other cases" provision of the statute (subd. 3, section 13356, O. S. 1931, 85 Okla. St. Ann. § 22, subd. 3).  This award became final and payments thereunder were completed about June 29, 1938.

Thereafter, on September 1, 1938, the respondent requested the commission to reopen the cause and to grant him additional compensation on account of a change in condition which had resulted in permanent total disability.  At the conclusion of hearings held on this application, the commission entered the award now under review.  The award so made is based upon a finding by the commission of a change in condition subsequent to its last prior order, which change was attributable to the original injury and which resulted in a permanent total disability, and directed payment in accordance with said finding.

The petitioner contends that such finding is unsupported by any competent evidence in the record.  The argument of the petitioner in support of the contention thus made is one ad hoc propter hoc, and is based upon a comparison of the claim made by the respondent prior to the award of July 28, 1934, and thereafter.  At the hearings held prior to the former award, the respondent contended that he was then permanently and totally disabled, and offered substantial evidence in support of this contention.  At the same time the petitioner just as vigorously contended that respondent's disability was one of permanent partial only and offered evidence in support of this contention.

As above pointed out, the Industrial Commission accepted the view of petitioner and entered an award for permanent partial disability only.  At the hearings which culminated in the award now under review, while the respondent contended that he was permanently and totally disabled as he had previously contended, he, at the same time, offered evidence which tended to establish as a fact an actual change in his physical condition attributable to his original injury which had resulted in a total loss of ability to labor and perform work, and in this he was supported by the testimony of Dr. J. M.

Harris, who had examined the respondent in September, 1932, and at various intervals thereafter. At the same time the petitioner contended that the condition of respondent had not changed since the last prior order of the commission except for the better and in this contention it was supported by the evidence of its medical witnesses. This presented a conflict in the competent evidence which became a question for the commission and was resolved by it in favor of the respondent. In so doing the commission acted within its province. Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P.2d 847.

The petitioner cites and relies upon the cases of Deep Rock Oil Corp. v. Evans, 167 Okla. 66, 28 P.2d 7; Southern Drilling Co. v. Daley, 166 Okla. 33, 25 P.2d 1082; Wilcox Oil & Gas Co. v. Satterfield, 178 Okla. 418, 63 P.2d 696; Wetherbee Electric Co. v. Collier, 180 Okla. 473, 71 P.2d 312, which hold that where an award upon change of condition is under review, the entire record is to be considered to ascertain whether, as a matter of fact, the condition was what the commission previously said it was or as now existing. Since in the case now under review the evidence was in conflict upon both occasions, it is manifest that the cases cited have no application to the situation here presented. The petitioner denied prior to July 28, 1934, and now denies, that the respondent has a permanent total disability as a result of his injury.

This being true, it is immaterial what the respondent contended previously if in truth and in fact he has undergone a changed condition attributable to his original injury and which has resulted in further impairment, in the case of a member under a specific injury or in ability to labor and perform work under the "other cases" provision. The finding of the commission that respondent had undergone such change is supported by competent evidence. The fact that respondent claimed that he was totally and permanently disabled prior to the award of July 28, 1934, while a matter of proper consideration by the commission as to the bona fides of the claim thereafter asserted, did not preclude the commission from granting a further award, if from the evidence adduced before it it believed that an actual change in condition had resulted. Indian Territory Illuminating Oil Co. v. State Industrial Commission, 185 Okla. 72, 90 P.2d 398. The record before us presents no error of law, and the award appears to have been made in the proper exercise of the continuing jurisdiction of the commission, and therefore will not be disturbed.

Award sustained.

BAYLESS, C. J., and RILEY, OSBORN, GIBSON, and DANNER, JJ., concur.