STATE HIGHWAY COMMISSION et al. v. STATE INDUSTRIAL COM. et al.

No. 31133. Feb. 15, 1944.

*146 P. 2d 109.*

H. R. Palmer and Looney, Watts, Fenton & Eberle, all of Oklahoma City, for petitioners.

B. A. Hamilton, of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

ARNOLD, J. This is an original proceeding brought by the State Highway Commission and its insurance carrier, United States Fidelity & Guaranty Company, hereinafter referred to as petitioners, to review an award for permanent total disability made to the respondent W. M. Murphy.

On the 28th day of June, 1931, respondent filed his first notice of injury and claim for compensation stating that he sustained an accidental injury arising out of and in the course of his employment when he fell and injured his neck and head, arm and both knees on May 13, 1931, while employed as maintenance man on the highway.

On the 18th day of August, 1932, the State Industrial Commission entered an award for temporary total disability and disfigurement and permanent partial disability under the "other cases" provision of section 13356, O.S. 1931, 85 O.S.A. § 22, and on August 1, 1933, an agreed lump sum order was entered. Prior to entry of original award compensation for temporary total disability had been paid for 48 weeks. On July 5, 1941, respondent filed an application to reopen on the ground of change in condition resulting in total permanent disability, and following hearings the State Industrial Commission entered its award on September 3, 1943, for perma-

nent total disability, and this proceeding is brought to review the latter award.

The sole question presented is that the statute of limitation (85 O. S. 1941 § 43) has barred respondent's right to reopen the cause. The jurisdiction of the State Industrial Commission to reopen a cause upon an application based upon the ground of change in condition and award additional compensation for permanent total disability under 85 O. S. 1941 § 22, subd. 1, extends for a period of 500 weeks from the date of the original award. The application to reopen having been filed within 500 weeks from the date of the original award entered on August 18, 1932, same was filed within time. See Upshaw v. Champlin Refining Co., 194 Okla. —, 146 P. 2d 1008.

Award affirmed.

RILEY, OSBORN, HURST, and DAVISON, JJ., concur. CORN, C.J., GIBSON, V.C.J., and BAYLESS and WELCH, JJ., dissent.