UNITED STATES GYPSUM COMPANY,
a corporation, Petitioner,

v.

Frank PENDLETON and the State
Industrial Commission, Respondents.

No. 38283.

Supreme Court of Oklahoma.

June 9, 1959.

A. G. Crowe, Rhodes, Crowe, Hierony-
mus & Holloway, Oklahoma City, for peti-
tioner.

C. Everett Murphy, Kingfisher, Mac Q.
Williamson, Atty. Gen., for respondents.

JOHNSON, Justice.

Frank Pendleton, hereinafter called claimant, filed a claim for compensation against the employer, United States Gypsum Company, and received an award for ten percent disability to the body as a whole, and on appeal to this court the award was sustained. United States Gypsum Co. v. State Industrial Commission, Okl., 307 P.2d 135. The mandate was spread of record March 1, 1957. Thereafter on December 23, 1957, claimant commenced a proceeding to obtain an award on a change in condition. On a hearing conducted an award was first denied by the trial commissioner, but on appeal to the Commission en banc an award for ten percent additional disability was entered. This proceeding is brought by the employer, own risk, hereinafter called petitioner, to review the award.

The record discloses that claimant received a back injury while employed by petitioner, and the medical evidence on behalf of claimant at the time of the prior award was given by Dr. M who testified for claimant herein.

 Petitioner first argues there is no competent evidence to support the finding of the State Industrial Commission. Dr. M testified that he again examined claimant for the purpose of determining the extent of his disability and found claimant still complaining of his back. He also found evidence of nerve pressure not present before and found claimant's legs and feet affected in a manner not found in the prior condition. He stated there had been a change in condition since the prior award, and that in his opinion this change in condition was due to the accidental injury. Another material change in condition is shown by the testimony of Dr. M for claimant and Dr. L for petitioner. Dr. M stated it was his opinion the original disability was caused or aggravated by a herniated disc, while Dr. L testified he found no evidence of a herniated disc, but that if the original disability was due to a herniated disc there would be a change in condition.

The evidence is sufficient to support a finding of change in condition since the date of the award on May 3, 1956.

 Petitioner argues claimant and his doctor both testified in the original hearing that claimant was unable to perform any work, and therefore the evidence shows no change in condition. Petitioner cites Barnsdall Oil Co. v. State Industrial Commission, 178 Okl. 289, 62 P.2d 1031; Deep Rock Oil Corp. v. Evans, 167 Okl. 66, 28 P.2d 7, and other cases. As pointed out in Indian Territory Illuminating Oil Co. v. State Industrial Commission, 185 Okl. 72, 90 P.2d 398; Stanolind Pipe Line Co. v. Brewer, 185 Okl. 578, 95 P.2d 625, these cases have no application to a proceeding to reopen on change in condition where there is competent evidence introduced to show that a prior permanent partial disability has changed for the worse and that such change is due to the original accidental injury and has occurred since the date of the prior award. The fact that the doctor or claimant testified in the hearing on a former order or award that claimant could do no work does not prevent testimony by either the doctor or claimant as to a change in condition. Nor does it preclude the Commission from considering testimony on change in condition and accepting and believing the testimony of the doctor or claimant tending to establish a change in condition. Indian Territory Illuminating Oil Co. v. State Industrial Commission, 185 Okl. 68, 89 P.2d 933; Indian Territory Illuminating Oil Co. v. State Industrial Commission, supra; Stanolind Pipe Line Co. v. Brewer, supra. In Sappington-Hickman, Inc. v. State Industrial Commission, Okl., 262 P.2d 707, it is stated:

"The State Industrial Commission is authorized to make an additional award on the ground of a change in condition when the proof shows that there has been a physical change for the worse in the condition of the employee due to the original injury and that such change has occurred since the last

prior order of the commission and resulted in additional disability."

To the same effect see Phillips Petroleum Co. v. Clark, 203 Okl. 561, 224 P.2d 597; H & H Supply Co. v. Bryant, 204 Okl. 515, 231 P.2d 685; Standard Brands, Inc. v. Gregor, Okl., 328 P.2d 181.

 Finally, the petitioner argues the claim was barred by the provisions of the statute on change in condition, 85 O.S. 1951 § 43. The award under the two orders was for 100 weeks. Claimant's claim was filed well within the time in which to file the application for change in condition. State Highway Commission v. State Industrial Commission, 193 Okl. 593, 146 P.2d 109; Behling v. Fox Rig & Lumber Co., 187 Okl. 682, 105 P.2d 532; Graner Construction Co. v. Brandt, 180 Okl. 221, 68 P.2d 788; and Earl W. Baker & Co. v. Morris, 176 Okl. 68, 54 P.2d 353.

Award sustained.