**SPARTAN AIRCRAFT COMPANY,**
a corporation, Petitioner,

v.

**George Everett STOCKTON and State Industrial Court, Respondents.**

No. 39660.

Supreme Court of Oklahoma.

Dec. 19, 1961.

Rehearing Denied March 27, 1962.

Covington & Gibbon, Tulsa, for petitioner.

Anton Koch, Henryetta, and Mac Q. Williamson, Atty. Gen., for respondents.

BERRY, Justice.

On March 19, 1959, claimant filed in this case a "Motion to Reopen on Grounds of a Change in Condition". He stated therein that on March 23, 1950, he sustained an accidental personal injury while employed by petitioner in hazardous employment; that on December 11, 1951, the Industrial Commission entered an order awarding him 20 percent permanent disability to the body as a whole; that on October 24, 1952, he moved to reopen the case on the grounds of change in condition; that after reopening the case, the Industrial Commission on April 8, 1953, found and adjudged claimant's condition to have changed for the worse; that he then had a 35 percent permanent disability to his body as a whole; that upon appeal to this Court the award was sustained (Spartan Aircraft Co. v. Everett Stockton et al., Okl., 279 P.2d 333); that on February 19, 1955, claimant filed a second motion to reopen based on change of condition, which motion was denied May 31, 1955; that no appeal was taken from said order; that since rendition of the last referred-to order claimant's "condition has changed for the worse instead of better; that his condition has grown progressively worse to the extent that he is now barely able to move about and is bedfast the biggest part of the time."

On February 22, 1961, the Industrial Court promulgated an order in which it found that "claimant has sustained a change of condition for the worse since *his* last order in this case and is now permanently and totally disabled for the performance of ordinary manual labor, and is entitled to compensation for 500 weeks at $25.00 per week."

Petitioner perfected an appeal from the last referred-to order to the Industrial Court en banc. From order adopting and affirming the order of February 22, 1961, petitioner perfected this appeal.

For reversal petitioner contends that there is no competent evidence showing that claimant's condition has changed for the worse since the May 31, 1955, order; that there was a sharp conflict in the medical testimony and for said reason the Industrial Court directed claimant to submit to a physical examination by a doctor who was thought to be disinterested; that this doctor found that claimant's disability attributable to the injury was 20 percent; that the matter of whether claimant sustained a change in condition is jurisdic-

tional (Refinery Engineering Co. et al. v. Blankenship et al., Okl., 353 P.2d 142); that for said reason the Industrial Court's findings on the facts are not conclusive and this Court "will make its own independent findings"; that in doing so we should be guided by the weight of the evidence which allegedly favors petitioner.

■■ As sustaining the contention first referred to, petitioner asserts that there is in fact no evidence tending to show that claimant's condition has changed since the May 31, 1955, order; that at said hearings and at prior hearings claimant testified that as a result of the injury he was unable to perform manual labor; that the doctors who gave testimony in claimant's behalf so testified at the prior hearings and further testified that claimant was permanently and totally disabled; that identical testimony was given by claimant and doctors at the last hearing. In support of said contention, petitioner cites Brown Bros. v. Parks, 176 Okl. 615, 56 P.2d 883; Deep Rock Oil Corporation v. Evans, 167 Okl. 66, 28 P.2d 7; and Sinclair Refining Co. v. Duncan et al., Okl., 297 P.2d 563.

Claimant testified at the last hearing that his condition had "grown worse"; that he was compelled to stay in bed at home or in the hospital most of the time; that he was unable to work. Dr. C. stated in his March 25, 1959, medical report, which was introduced in evidence, that he examined claimant on March 25, 1959, and found "that his condition (was) worse than it was in all my previous occasions although I have heretofore stated that the man was totally and permanently disabled as a result of the accidental injury which he received while working for the Spartan Aircraft Company. His present condition, in my opinion, is far worse than it was on previous occasions". Dr. M. stated in his March 20, 1959, medical report which was received in evidence that claimant "has been treated * * * since July 22, 1954 for the lumbar arthritis and that this arthritis has now become generalized."

In a February 18, 1955, medical report, Dr. C. stated that he had treated claimant since April 7, 1953; that claimant's condition had changed for the worse during treatment; that claimant's "condition is progressive and will continue to grow worse until he becomes bed-fast. It is my opinion that this condition is due to the original injury which he received on the 23rd day of March, 1950."

Dr. G., who petitioner refers to as a disinterested witness, stated in a June 20, 1960, medical report that claimant had a "congenital spondylolisthesis of the 5th lumbar segment with degenerative disc disease of the 4th and 5th segment"; that "at this late date it is difficult indeed to assign degeneration of this type to a single injury"; that the "spondylolisthesis is a pre-existing condition which was aggravated by the" accidental injury. Dr. G. estimated that claimant had "a permanent partial disability of 20% to the body as a whole directly attributable to the injury."

Dr. G. testified by way of deposition. He testified in substance that claimant's physical condition was such that he was unable to perform ordinary manual labor. As we understand his testimony, this was predicated largely on disease of claimant's spine and not to trauma.

Dr. R. stated in his August 31, 1959, medical report, which petitioner caused to be presented in evidence, that none of claimant's conditions were "grossly disabling" and that he found no change in claimant's condition.

In United States Gypsum Co. v. Pendleton et al., Okl., 340 P.2d 467, 468, the employer advanced the same argument that petitioner here makes. In rejecting same. this was said:

"Petitioner argues claimant and his doctor both testified in the original hearing that claimant was unable to perform any work, and therefore the evidence shows no change in-condition. Petitioner cites Barnsdall Oil Co. v. State Industrial Commission, 178 Okl. 289, 62 P.2d 1031; Deep Rock Oil

Corp. v. Evans, 167 Okl. 66, 28 P.2d 7, and other cases. As pointed out in Indian Territory Illuminating Oil Co. v. State Industrial Commission, 185 Okl. 72, 90 P.2d 398; Stanolind Pipe Line Co. v. Brewer, 185 Okl. 578, 95 P.2d 625, these cases have no application to a proceeding to reopen on change in condition where there is competent evidence introduced to show that a prior permanent partial disability has changed for the worse and that such change is due to the original accidental injury and has occurred since the date of the prior award. The fact that the doctor or claimant testified in the hearing on a former order or award that claimant could do no work does not prevent testimony by either the doctor or claimant as to a change in condition. Nor does it preclude the Commission from considering testimony on change in condition and accepting and believing the testimony of the doctor or claimant tending to establish a change in condition. Indian Territory Illuminating Oil Co. v. State Industrial Commission, 185 Okl. 68, 89 P.2d 933; Indian Territory Illuminating Oil Co. v. State Industrial Commission, supra; Stanolind Pipe Line Co. v. Brewer, supra. * * *"

It was said in General Acc. Fire & Life Assur. Corp. et al. v. Mowry et al., Okl., 262 P.2d 421, 422, that "We have examined the other cases cited by petitioners and they are likewise distinguishable. These cases do not apply where there is a small amount allowed for a back injury and competent evidence to support a greater extent of disability caused by the original injury."

There is competent evidence showing that claimant's condition changed for the worse following entry of the May 31, 1955, order and that the change was attributable to the March 23, 1950, injury. It follows that under the cited cases, petitioner's first contention is without substantial merit.

■ There remains for consideration petitioner's contention to the effect that the matter of showing a change in condition in cases such as this is jurisdictional and for said reason we should weigh the evidence. This contention is predicated upon a statement in Refinery Engineering Co. et al. v. Blankenship et al., Okl., 353 P.2d 142, 144, to the effect that "We hold that whether or not there has been a change in condition is a jurisdictional question, and before an award can be made under the provisions of Sec. 28, supra, the State Industrial Court must make a finding that there has been a change in condition and that such change occurred after the date of the last prior order or award. There was no such finding made in the case under consideration."

As heretofore pointed out, the Industrial Court specifically found in the order from which petitioner appealed that the claimant's condition had changed for the worse since entry of the last order. It is therefore apparent that the last cited case is not in point of fact.

We have repeatedly held in cases such as this that an order of the Industrial Court will not be reversed where there is competent evidence tending to sustain same. See General Acc. Fire & Life Assur. Corp. et al. v. Mowry et al., supra, where this was said in the second paragraph of the syllabus:

"The finding of the State Industrial Commission as to the extent of the disability due to a change in condition of an injured employee is a question of fact and when supported by competent evidence will not be disturbed on review."

See also cases cited following ■ "Workmen's Compensation", Vol. 14, Part 2, West's Okl.Dig.

We did not, as suggested by petitioner, intend by our decision in Refinery Engineering Co. v. Blankenship et al., supra, to depart from the rule laid down in the above quoted syllabus.

To our way of thinking, there is competent evidence sustaining the lower tribunal's finding as to a change in condition for the worse following the May 31, 1955, order; that as a result of the change, claimant is permanently and totally disabled and that said disability is attributable to the March 23, 1950, injury.

Award sustained.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, JACKSON, and IRWIN, JJ., concur.