Floyd D. HAYS, Petitioner,

v.

NATIONAL ZINC COMPANY, Hartford Accident & Indemnity Company and State Industrial Court, Respondents.

No. 40749.

Supreme Court of Oklahoma.

Sept. 22, 1964.

Howard C. Triggs, Oklahoma City, for petitioner.

Covington & Gibbon, Tulsa, Charles R. Nesbitt, Atty. Gen., for respondents.

JOHNSON, Justice.

On July 18, 1962, claimant filed his claim for compensation before the State Industrial Court under the occupational disease provisions of the Workmen's Compensation Act. On the 20th day of November, 1962, the trial judge who heard the case entered an order finding that during the course of his employment with National Zinc Company claimant had been subjected and exposed to fumes, dust and smoke "whereby he is now suffering from chronic bronchitis brought on or aggravated by the inhalation of such dust, fumes and smoke connected with his work," but that claimant had sustained no loss of time from his work as a result of his condition and denied his claim for any compensation. The order was affirmed by the court en banc on appeal on the 9th day of January, 1963, and became final. On January 14, 1963, claimant filed application to reopen his case, alleging a change of his physical condition for the worse.

Hearing was had before the same trial judge who, on the 11th day of June, 1963, found that subsequent to the prior order claimant had sustained a change of condition for the worse and ordered respondents to pay compensation. On appeal to the court en banc, the order of the trial judge was set aside, the court finding that claimant had not sustained a change of condition for the worse since the prior order and denied his claim, the evidence being the same as in the original hearing.

Claimant petitions this court to review the order denying his claim, advancing one proposition for its vacation:

"That the undisputed evidence of the respondent and insurance carrier shows a change of condition for the worse, and therefore as a matter of law this court should reverse the order of denial."

■ This court is unequivocally committed to the rule that the question of change of condition is a question of fact, and the decision of the State Industrial Court is final as to all questions of fact, and where there is any competent evidence tending to support the same it will not be disturbed on review. Barnard v. Public Service Company, Okl., 394 P.2d 534; Douglas v. Okmar Oil Company, Okl., 383 P.2d 681; General Acc. Fire & Life Assur. Corp. v. Mowry, Okl., 262 P.2d 421.

■ The burden is on the claimant to show that subsequent to the time of the prior award there has been a change of his physical condition for the worse, and that such change is due to the original injury, before he can obtain an additional award because of the change of condition. Douglas v. Okmar Oil Company, supra; Sigler v. Tillery and Jones, Okl., 292 P.2d 423; H & H Supply Company v. Bryant, 204 Okl. 515, 231 P.2d 685.

■ Claimant does not urge that he, by his evidence, has sustained that burden, but that the evidence of the respondents shows that he has suffered a change of condition and as a matter of law this court should reverse the lower court.

■ Claimant does not cite any authority whatsoever to support his contention. We know of none. Therefore, in keeping with the announced rule it must be determined whether there is evidence to sustain the findings of the State Industrial Court.

Dr. B, who testified for respondents by written report at the hearing wherein the prior order was entered, filed a report for

respondents at the hearing to reopen. He stated:

"I would classify his bronchitis and emphysema as a moderate degree and believe he is able to do work of moderate degree. Further, as previously mentioned, I do not believe there is a demonstrable relationship between his work at the smelter and the present difficulty."

Dr. D, who testified for claimant by written reports at the first hearing, filed a report for respondents at the latter hearing, saying that on re-examination:

"It is my opinion that Floyd Hays' condition is the same as when I examined him a year ago. I did not find evidence of pulmonary emphysema at that time, nor do I find any evidence of this now. He has had a bronchial condition, that is, bronchitis, and I so stated a year ago. At that time I estimated his permanent partial disability for ordinary labor as approximately 25 per cent. After re-examination at this time, I do not believe that his disability has increased."

Claimant maintains it is the report of Dr. D that shows he has had a change of condition for the worse. Claimant presents that when the first order found that he had sustained an accidental personal injury but had suffered no permanent disability the introduction of the statement of Dr. D, by the respondents, that claimant had a 25 per cent permanent partial disability established the change, even though the statement was exactly the same statement made by Dr. D and used by the claimant at the prior hearing. Claimant insists that when the respondents proffered the statement of Dr. D they were bound by that part of his opinion setting claimant's disability at 25 per cent. Therefore, since there was no permanent disability by the prior order and the respondents own evidence showed a 25 per cent permanent disability, hence, it followed there had to have been a change of condition for the worse.

Claimant's argument is not tenable. To hold with claimant would be to completely disregard the part of Dr. D's statement which goes straight to the crux of the question before the court. We cannot take out of context a part of the statement, the opinion, of Dr. D. We must view it in its entirety.

Dr. D's statement is not ambiguous. It is: "Floyd Hays' condition is the same as when I examined him a year ago."

We therefore hold there is competent evidence to sustain the findings of the State Industrial Court that there has been no change for the worse in the physical condition of the claimant which is attributable to the original injury.

The order of the State Industrial Court is sustained.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, WILLIAMS, JACKSON, IRWIN and BERRY, JJ., concur.