**BIG FOUR FOUNDRY COMPANY, Inc., and the State Insurance Fund, Petitioners,**

**v.**

**Johnny E. LEE and the State Industrial Court of the State of Oklahoma, Respondents.**

**No. 40941.**

Supreme Court of Oklahoma.

Oct. 20, 1964.

Mont R. Powell, Moraul Bosonetto, Oklahoma City, for petitioners.

Ungerman, Grabel, Ungerman & Leiter, Maynard I. Ungerman, Tulsa, Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

IRWIN, Justice.

Johnny E. Lee, hereinafter referred to as claimant, was employed by Big Four Foundry, hereinafter referred to as respondent. On the 19th day of July, 1962, while claimant was inside a machine called a muller for the purpose of cleaning it, a fellow employee turned on the machine. Claimant's left leg was torn off at the knee, his right leg fractured, and he suffered numerous contusions to the body. He was hospitalized for approximately two months. Dr. T., the treating physician, prescribed an artificial limb for claimant. It pained claimant so severely he was unable to wear it. On re-examination a bony spur on the stump was discovered. An operation was performed to remove the spur and Dr. T. prescribed a revised artificial limb for claimant.

Respondent and its insurance carrier, State Insurance Fund, voluntarily paid claimant temporary total disability compensation from July 20, 1962, to January 3, 1964, and paid all incurred medical expense but refused to pay for the prosthesis contending it was not medical treatment but was a part of claimant's rehabilitation. On October 31, 1963, claimant filed a motion before the State Industrial Court "to determine the responsibility of respondent and insurance carrier to furnish the proposed prosthesis as part of the medical care of claimant."

On January 6, 1964, a hearing was had before a trial judge of the Industrial Court and on January 31, 1964, he entered an order making the usual findings as to employment and accidental injury; he found that the prosthesis "was not necessary for treatment of the injury" and was not the obligation of the respondent and insurance carrier, and further found that claimant was still temporarily totally disabled and in need of further medical treatment.

All parties appealed from the order to the court en banc. Claimant appealed from that portion pertaining to the ruling on the prosthesis and the respondent and insurance carrier to the ruling on temporary total disability and further medical treat-

ment. The order was affirmed by the court en banc.

Claimant did not appeal from the order of the court en banc. Respondent and insurance carrier perfected their appeal to this Court and challenge that portion of the order awarding claimant temporary total disability compensation and further medical treatment.

The prime question to be determined is whether the order granting claimant temporary total disability compensation and further medical treatment is supported by the evidence.

From a careful perusal of the record it is obvious that all parties were unprepared at the hearing before the trial judge to try any facet of the case other than the question concerning the prosthesis.

The only medical evidence offered on behalf of claimant was the deposition of Dr. T.. On the first page of the deposition is the following:

"Mr. Ungerman: And let the record also reflect it is being taken for the limited purpose of the issue of whether or not the respondent and insurance carrier, State Insurance Fund, is required to pay for medical treatment consisting of a knee prosthesis. Is that agreeable?

"Moraul Bosonetto: That is fine."

Dr. T. testified that in August, 1962, the stump of the left leg of claimant was completely closed; that in November, 1962, he prescribed a prosthesis; that claimant continually complained of pain and in April, 1963, the bony spur was found and removed; that on June 6, 1963, claimant again started to wear the prosthesis but because of a gain in weight and the fact the stump had been shortened by the operation it would not fit properly; that on June 27, 1963, he advised claimant to have the artificial leg revised; that the last time he saw claimant was August 13, 1963.

"Q. You said you had not seen Johnny since in August. Is that correct?

"A. August 13, 1963.

"Q. At that time he was having no pain in the stump?

"A. In the stump of the left leg while not wearing the prosthesis.

"Q. At that time did you consider that the leg was healed?

"A. The left stump was healed.

"Q. Now, Doctor, have you and Dr. Carney treated this man alternately, or consulted with each other with reference to his treatment?

"A. Yes. We operate together, as we have been in surgery together for the past ten years.

"Q. And the record which you have includes any treatment by Dr. Carney as well as yourself?

"A. Yes.

"Q. Does the record say the last time you saw Johnny was in August? So far as you know Dr. Carney has not seen him since that date?

"A. That is correct.

"Q. No treatment has been rendered by you or Dr. Carney since August?

"A. That is correct.

" *   *   *

"Q. Isn't it true in this particular case that this man's healing period had ended in August of 1963?

"Mr. Ungerman: To which we object, having been asked and answered by the doctor.

"A. His healing period, his stump was considered healed as of August 13, 1963."

We have repeatedly held that where an employee's disability is of such character as to require skilled and professional persons to determine the cause and extent thereof, the question is one of science and must necessarily be proved by expert testimony, and in the absence of such evidence on which to base an award, the award will be vacated. National Zinc Company, Inc.,

v. Daley, Okl., 350 P.2d 284; Glaspey v. Dickerson, Okl., 350 P.2d 939.

There is no medical evidence in the case at bar to sustain the order of the lower tribunal finding that claimant was still temporarily totally disabled and in need of further medical treatment, and under these circumstances, the award must be vacated.

In his answer brief claimant asserts that the medical evidence conclusively established the necessity for a knee prosthesis and that the Industrial Court erred in not entering an award requiring respondent and insurance carrier to pay for the prosthesis. Claimant, however, failed to file a cross-action in this Court and we are therefore without jurisdiction to consider the error sought to be presented for our review. Ideal Cement Co. v. Buckler, Okl., 353 P.2d 828.

The award is vacated and the cause remanded for further proceedings in accordance with the views expressed herein.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, WILLIAMS, JACKSON and BERRY, JJ., concur.