**CHEROKEE TOGS and Standard Reliance Insurance Company, Petitioners,**

v.

**Rhoda I. BRIGGS and the State Industrial Court, Respondents.**

**No. 41845.**

Supreme Court of Oklahoma.

July 16, 1968.

Concurring and Dissenting Opinions

July 23, 1968.

Sanders, McElroy & Whitten, Tulsa, for petitioners.

Marx Childers, Oklahoma City, Charles R. Nesbitt, Atty. Gen., for respondents.

BLACKBIRD, Justice.

This original proceeding seeks review of an order entered by the State Industrial Court on November 5, 1965, after a hearing on a motion of the Respondent Rhoda I. Briggs (hereinafter referred to as "claimant") to reopen on account of change of condition.

By its last previous order for compensation to claimant entered March 6, 1963, said court had found that claimant had sustained a "10 per cent permanent partial disability to her back", and awarded her compensation for such disability, after Dr. M had reported that she had a "35% permanent partial disability to the body as a whole * * *".

The only evidence showing claimant's increased disability as the result of a change of condition introduced at the hearing on her motion to reopen, was a report dated June 15, 1965, by the same doctor, expressing the opinion that she then had a "45% permanent partial disability to the body as a whole * * *".

By its aforementioned order of November 5, 1965, the trial tribunal found that claimant's disability to the body had increased 25%, and awarded her compensation accordingly.

■ One of the arguments advanced by petitioners for vacation of the award is

that there is no competent medical evidence to support the trial tribunal's finding that claimant's disability had increased 25% since said court's last (aforementioned) order. We agree. On the basis of Dr. M's above-mentioned reports, claimant's disability had increased only 10% from the time that he examined her prior to the hearing on her original claim, to June 15, 1965, when he furnished the only evidence of her increased disability. In answer to petitioner's argument, claimant's counsel does not contend that Dr. M's previous report cannot be taken into consideration in determining the proper percentage that claimant's disability has increased. All that his brief says following a quotation from Wasson v. Tulsa Dairy Supplies, Okl., 315 P.2d 773, is:

> "It will be further noted that the Court does not adopt the formula of counsel for Petitioner and states that the difference in the doctor's original opinion and his subsequent opinion is the statutory rule to follow but that it is the condition, as it exists in the mind of the trial judge based on competent testimony, that is the governing factor. It is obvious in this case, from the claimant's testimony, her work records, and the specifications as to the changes for the worse set out in Dr. Maril's report that influenced the decision of the trial judge and the Court en banc and it is amply supported by the evidence submitted herein."

We have repeatedly held that where an employee's disability is of such character as to require skilled and professional persons to determine its cause and extent, an award based upon such disability cannot stand, without evidence from such persons. See Big Four Foundry Company v. Lee, Okl., 398 P.2d 509, and Humble Oil & Refining Co. v. Noble, 161 Okl. 35, 16 P.2d 1072, 1074, 1075. As the only evidence of that character in the present case indicates that claimant's permanent disability has increased no more than 10% since his award of 1963, the later award, challenged here, must be vacated and this cause remanded to the trial tribunal for further proceed-

ings to determine the nature and extent of the claimed change of condition. Having arrived at this conclusion, we find it unnecessary to mention other asserted grounds for vacating the award.

Award vacated and cause remanded.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, BERRY, HODGES, LAVENDER and McINERNEY, JJ., concur.

WILLIAMS, J., dissents.

IRWIN, Vice Chief Justice (concurring specially).

In my opinion, had claimant submitted the medical evidence of another doctor in the proceeding under review to the effect that she presently had a "45% permanent partial disability to the body as a whole", instead of the medical evidence of Dr. M who had reported in the first proceeding that she had a "35% permanent partial disability", a different set of facts would be presented for our consideration. In this connection see Stanolind Pipe Line Co. v. Brewer, 185 Okl. 578, 95 P.2d 625, wherein claimant's change in condition was supported by the testimony of Dr. J. M. Harris, who had not testified in the first proceeding wherein an award was made in favor of claimant and the Industrial Court had not previously considered his testimony and entered an award substantially less than his testimony would support.

In my opinion the case of Hays v. National Zinc Company, Okl., 395 P.2d 580, is somewhat analogous to the case at bar. In the original proceeding in Hays, claimant's claim for compensation was denied on the grounds "that claimant had sustained no loss of time from his work as a result of his condition", although claimant had submitted the medical evidence of Dr. D that he was 25% disabled. In the change of condition proceeding, which formed the basis for our review, the employer submitted the report of the same Dr. D, who stated:

"It is my opinion that Floyd Hays' condition is the same as when I examined him a year ago. I did not find

evidence of pulmonary emphysema at that time, nor do I find any evidence of this now. He has had a bronchial condition, that is, bronchitis, and I so stated a year ago. At that time I estimated his permanent partial disability for ordinary labor as approximately 25 per cent. After re-examination at this time, I do not believe that his disability has increased."

In sustaining the order of the Industrial Court denying claimant compensation on change of condition, we said that Dr. D's statement that "Floyd Hays' condition is the same as when I examined him a year ago" went "straight to the crux of the question before this court."

In the case at bar, if Dr. M had stated in the proceeding under review that in his opinion claimant was 35% disabled, instead of 45% disabled, would there not necessarily inhere in his opinion claimant had not had a change of condition since in his previous report he stated claimant was 35% disabled. If this be true, it could not be said that Dr. M's report could support an award for change of condition in excess of 10% disability. Since the order under review made an award for 25%, I concur specially in the majority opinion.

Nothing herein should be construed or interpreted that I am of the opinion that the Industrial Court could not rely on the medical evidence of Dr. M (see United States Gypsum Company v. Pendleton, Okl., 340 P.2d 467), but I am of the opinion his report may not support an award in excess of 10% disability on change of condition under the facts presented.

WILLIAMS, Justice (dissenting):

I respectfully dissent.

To my mind there was ample predicate within the limits of the lower and higher percentages of disability testified to by the expert witnesses to warrant the finding of disability made by the trial tribunal.

Where the finding falls within the limits so fixed in the testimony, the award based thereupon should be sustained.

In the case of Standard Roofing & Material Co. v. Mosley et al., 176 Okl. 517, 56 P.2d 847, this Court quoted from Briscoe Const. Co. et al. v. Listerman et al., 163 Okl. 17, 20 P.2d 560, which in turn had quoted from Schneider's Workmen's Compensation Law, as follows: "The board is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor are they required to give credence to the greater amount of evidence as against the lesser." The principle was reiterated in Stanolind Pipe Line Co. v. Brewer et al., 185 Okl. 578, 95 P.2d 625.

In that case there was involved a situation in which claimant contended before an award of July 28, 1934 was made, that he was permanently and totally disabled. The Industrial Commission held with the employer. The Court in the body of the opinion there said, "At the hearings which culminated in the award now under review, while the respondent contended that he was permanently and totally disabled as he had previously contended he, at the same time, offered evidence which tended to establish as a fact an actual change in his physical condition attributable to his original injury which had resulted in a total loss of ability to labor and perform work, and in this he was supported by the testimony of Dr. J. M. Harris, who had examined the respondent in September, 1932, and at various intervals thereafter. At the same time the petitioner contended that the condition of respondent had not changed since the last prior order of the Commission except for the better and in this contention it was supported by the evidence of its medical witnesses. This presented a conflict in the competent evidence which became a question for the Commission and was resolved by it in favor of the respondent. In so doing the Commission acted within its province." The award was sustained.

There this Court further said, "The petitioner denied prior to July 28, 1934, and now denies, that the respondent has a permanent total disability as a result of his injury."

"This being true it is immaterial what the respondent contended previously if in truth and in fact he has undergone a change in condition attributable to his original injury and which has resulted in further impairment, * * * The fact that respondent claimed that he was totally and permanently disabled prior to the award of July 28, 1934, while a matter of proper consideration by the Commission as to the bona fides of the claim thereafter asserted, did not preclude the Commission from granting a further award, if from the evidence adduced before it, it believed that an actual change in condition had resulted. Indian Territory Illuminating Oil Co. v. State Industrial Commission, [185] Okl. Sup. [72], 90 P.2d 398, * * *."

In the Indian Territory Illuminating Oil Company case just referred to, the Court, referring to testimony given by Dr. W, said: "The fact that this witness when confronted with the record of his testimony given at hearings held prior to the entry of the order of November 14, 1932, denied that he had testified as shown by said record and claimed that he had been misunderstood by the reporter who took the testimony at said hearings while affecting the credibility of his testimony and the weight to be given thereto in no manner prevented the Industrial Commission from accepting and believing such testimony should they find it credible."

In the same opinion this Court further said, "A change in condition which authorizes an additional award is an actual one and not a change in opinion relative to a pre-existing condition (Southern Drilling Co. v. Daley, 166 Okl. 33, 25 P.2d 1082) and must be one in physical condition which causes (except in cases of loss of use of a specific member) a decrease in the ability of the injured employee to labor and perform work and must be shown to have occurred since the last prior order of the Commission and to be attributable to the original injury" (citing cases).

As quoted in Spartan Aircraft Co. v. Stockton et al., Okl., 370 P.2d 13, 16, this Court in United States Gypsum Co. v. Pendleton, Okl., 340 P.2d 467, 468, said, "The fact that the doctor or claimant testified in the hearing on a former order or award that claimant could do no work does not prevent testimony by either the doctor or claimant as to a change in condition. Nor does it preclude the Commission from considering testimony on change in condition and accepting and believing the testimony of the doctor or claimant tending to establish a change in condition."

In the case of Hays v. National Zinc Co. et al., Okl., 395 P.2d 580, the employer convinced the State Industrial Court that claimant had no permanent partial disability. On application to reopen, the employer relied on a medical expert who had given testimony at the first hearing of effect that claimant was 25% permanently and partially disabled and stated that after re-examination the witness was of the opinion claimant was still so disabled. Claimant urged upon this Court that employer was bound by such testimony but this Court took the view that the same doctor also had said that claimant's condition "is the same as when I examined him a year ago" (prior to the original order) and that the Industrial Court having found no disability could still properly be upheld in having the same view.

In the present case, by determination of the State Industrial Court the claimant originally received an award of only 10% permanent partial disability although her doctor, Dr. M, said she then had 35% permanent partial disability to the body as a whole. After hearing on the matter of reopening, the trial tribunal reviewed the medical testimony including that of claimant's Dr. M that she had "a 45% permanent partial disability to the body as a whole for the performance of ordinary manual labor due to the accident of February 2, 1962." The trial tribunal found claimant, at the time of the latter hearing, was then permanently partially disabled to the extent of 35%, representing a 25% increase.

It is argued that there was no medical expert testimony to substantiate the finding.

In my view, while Dr. M gave testimony before of effect that claimant was 35% disabled, the facts were that she was in law disabled only to the extent of 10% because the trial court so found and its finding became final. In law, it is a fact she was then only 10% disabled. Now, the doctor testifies she is 45% disabled, she testified her right arm hurts all the time, that she can't put her left foot down at times, that in pursuit of her present part-time house to house sales position she cannot carry her bag of samples of cosmetic supplies, etc. to her customers, just the order book, that she has to get in traction, that she cannot sleep in certain positions, that she has to have chiropractic treatments to relieve her pain, that she cannot do light work for long at a time, cannot drive a car for long at a time, etc. The trial tribunal determined she is now 35% disabled. Since it is a fact she formerly was disabled only 10%, and it is now a fact she is disabled 35%, as found by the trial tribunal, she has had a 25% increase as a matter of fact, in law, as I see it.

As was said in the case of Nuway Laundry Co. v. Hacker, Okl., 396 P.2d 659, 663: "The evidence as outlined is sufficient to establish the factum of a change in condition. * * * The medical evaluation is not vulnerable to objection that it constitutes a mere reappraisal of disability identical to that which had been determined by the prior award. This is because the expert opinion addressed itself to factors not in existence and ascertainable before." This is borne out here for one thing by Dr. M's statement in his last report that claimant's "condition has changed for the worse and further treatment would be of some value, so far as relieving her pain."

I dissent.